## STATE EX REL. WEAVER *v.* WEIR, JUDGE.

[No. 26,171. Filed November 17, 1936.]

*Frank K. Miller,* for appellant.

*Clarence E. Weir, Judge,* for appellee.

FANSLER, J.—This is an original action seeking an order of mandate against the respondent to set aside a dismissal of a cause of action and grant a change of venue from the county.

It appears that on the day her case was assigned for trial the relatrix filed an affidavit for a change of venue from the county upon the grounds:

"(1) That an odium attaches to this plaintiff in said county on account of local prejudice.

"(2) That the defendant herein has an undue influence over the citizens of said county.

"(3) That an odium attaches to plaintiff's said cause of action in said county on account of local prejudice."

There was an affidavit to the effect that the applicant had no knowledge of the causes set out in her motion for a change of venue until the day the motion was filed, and that it was filed at the first opportunity after learning the facts. The change was denied because of a rule of court providing that an application for a change of venue must be made at least five days before the date on which the cause stands for trial, and that, where an application for a change alleges that the causes for the change were discovered within five days before the date of trial, "the affidavit must show the source of the information."

It is well settled that courts may make and enforce reasonable rules concerning the time at which motions for a change of venue must be filed, but it is equally well settled that, notwithstanding such rules, the party is entitled to a change of venue where he shows in his application that the facts entitling him to a change were not known to him in time to permit of the filing of his application within the time prescribed by the court rule. The question here presented is whether by court rule an applicant for a change of venue may be required to "show the source of the information." If this may be required in the case of an application made after the time limit fixed by court rule, it may be required in any application, and thus, in jurisdictions where there is no such rule, a change will be granted upon motion and affidavit which merely follows the statute, but in jurisdictions where such a rule is in force something more will be required and the change will be denied unless, in addition to the requirement of the statute, the motion sets out "the source of

the information" upon which the motion is based. The thought immediately suggests itself that such a situation would have the effect of establishing "local or special laws . . . providing for changing the venue in civil and criminal cases," which section 22 of article 4 of the Constitution of Indiana forbids the legislature to do. Surely local courts may not do by rule that which the Constitution forbids the legislature to do by statute.

The fact that an odium attaches to a person or his cause of action, or that an adversary has an undue influence in a community, may be recognized and confidently believed, and honestly asserted, without specific evidence or direct information concerning the fact. It may be impossible to say "there is a prejudice against me in this community, and *this* is the source of my information upon the subject," and, still, a prejudice and knowledge of it may exist. This may account for the statutory provision that the court "shall change the venue of any civil action upon the application of either party, made upon affidavit showing one or more of" the statutory causes. The statute does not require that the facts asserted to be true in the affidavit shall be proven; that witnesses shall be called; that the court shall have any discretion; or that an issue shall be formed upon the truth of the assertions. If this court may, by rule, require that the source of the applicant's information shall be set out, it might also require that the names of witnesses be given, or that the reasons why the applicant believes the facts to be true shall be set out; all to no purpose, since it has been universally held that, if a verified application for the change shows one or more of the causes set out in the statute, the court has no discretion in the premises, but must grant the change. Courts cannot by rule limit, abrogate, or obstruct the statutory right to a change of venue. The portion of the rule which requires that "the affidavit must

show the source of the information" is invalid and un-enforceable.

It is therefore ordered that the respondents set aside the order dismissing relator's cause of action, and the order overruling relator's motion for a change of venue from the county, and that an order be entered granting a change of venue from Marion county.