STATE EX REL. THOMPSON *v.* BARCE, JUDGE; STATE EX REL. ROWE *v.* BARCE, JUDGE.

[Nos. 26,919 and 26,920. Filed October 27, 1937.]

*Courtney W. Dice* and *Omer B. Ratcliff,* for relators.

FANSLER, C. J.—These are original actions for writs of mandate requiring the respondent to grant changes of venue from the county in actions in which the State of Indiana on the Relation of the Department of Financial Institutions is plaintiff and the relators are defendants. Alternative writs issued.

The responses seek to justify the denial of the change of venue upon two grounds.

It is contended that in actions by the Department of Financial Institutions to collect assessments against stockholders of a bank being liquidated by the department, the general statute providing for changes of venue (§2-1401 Burns' Ann. St. 1933, §190 Baldwin's Ind. St. 1934) is superseded by the Financial Institutions Act (Acts 1933, ch. 40, p. 176), and that there can be no change of venue. Nothing is found in the statute that supports this view. It is true that section 44 of the act (§18-304 Burns' Ann. St. 1933, §7766 Baldwin's 1934) provides for the liquidation proceedings to be entered upon the docket of the court, and the liquidation is conducted under the supervision of that court in a manner similar to that in which other trusts are administered. Section 63 of the act, as amended (§18-323 Burns' Ann. St. 1933, §7785 Baldwin's 1934), provides for the collection of shareholders' liability by the Department of Financial Institutions. The department has undertaken to collect from relators (stockholders), by an ordinary civil action, which seems to be the proper procedure, and there is nothing in the statute to indicate that the action is governed by any rules of procedure other than those applying to ordi-

nary civil actions. The relators are entitled to a change of venue upon proper and timely application.

It is also asserted in the responses that the motions for a change of venue do not conform to a rule of the Benton Circuit Court, which provides that no application for a change of venue will be granted unless it is filed before the cause is assigned for trial. It appears that on the 7th day of September, 1937, when relators' answers were filed, the causes were assigned for trial in open court for the 7th and 8th days of October, respectively, and that the affidavits and motions for a change of venue were thereafter filed, and there is no showing in the affidavits that the fact that the plaintiff has an undue influence over the citizens of the county, and that an odium attaches to defendants in the county on account of local prejudice, and that an odium attaches to defendants' cause of defense in the county on account of local prejudice, was unknown to the relators at the time the causes were set for trial. It would seem therefore that the rule of court was sufficient justification for denying the change.

The relators in reply say that at the time the causes were set for trial, and at the time of the filing of the affidavits and motions for a change of venue, they and their attorneys had no knowledge of the rule in question, and that the court in announcing its rulings on the motions did not call attention to such a rule, or base its action upon the rule, and that they had no notice of such a rule until the filing of the respondent's return; that, if they had known of the rule, they would have alleged in the affidavits that the relators did not have sufficient knowledge of the facts alleged in the affidavits to enable them to prepare and file their affidavits until after the setting of the causes for trial. It is alleged that the relators, by their attorneys, appeared to the actions on the return day, the first day of the term of the Ben-

ton Circuit Court, and filed their answers, and that immediately, on the same day, the court assigned the causes for trial, before the attorneys for the defendants had time to investigate as to the facts alleged in the affidavits for a change of venue; that, in preparing such affidavits, they searched the bar docket of the court for any rule which might pertain to applications for changes of venue, and found no rule which would prevent the change; that the applications were filed immediately upon the ascertainment of knowledge of the facts, and that the affidavits were filed twelve days before the day set for trial. It is alleged that the rule in question was adopted on the 2nd day of January, 1937, and was spread upon the order book of the court, but that it was never otherwise published or promulgated.

While it may be the custom to publish rules of court in current bar dockets or otherwise (and this practice is to be commended), it cannot be said that such publication or promulgation is essential to the enforcement of a rule which is adopted in open court and which is spread of record on the order book of the court. The trial court no doubt relied, in denying the change, upon the position that the relators were not entitled to a change in such actions, which would account for the court's not calling attention to the rule at the time the motions and affidavits were filed. But relators' right to a change of venue is not exhausted by having filed one motion that does not comply with the rule, and no reason is seen why a proper motion, with an affidavit justifying the failure to file the motion before the causes were set for trial, may not now be filed if the facts justify it; and the filing of such a motion now would require the granting of the change.

The alternative writs heretofore issued are vacated and the petitions are denied.