STATE EX REL. ROSE *v.* HOFFMAN, JUDGE.

[No. 28,539. Filed April 29, 1949.]

*T. Ernest Maholm,* of Indianapolis, for relator.

*George S. Dailey, Robert L. Carrico, Louis Whitesell, P. L. Harden,* all of Indianapolis, for respondent.

GILKISON, J.—This is an original action in which relator asks that respondent as Judge of the Juvenile Court of Marion County, be mandated to grant relator a trial by jury, in an action pending in respondent's court in which relator is charged with the offense of contributing to the delinquency of a minor.

Among other things the verified petition shows that relator was arrested on the charge on October 29, 1948. That later the cause was set for trial for March 8, 1949, and on that date, before the beginning of the trial relator filed his written request for a jury trial, which respondent denied, saying he had a rule that a request for jury trial must be filed five (5) days before the date fixed for trial. That respondent then began the trial and heard some evidence, when relator moved that such evidence as had been heard be set aside, and that his

request for jury trial be recognized and sustained; and that he then advised respondent that he refused to recognize that respondent had any further jurisdiction in the case and would therefore offer no evidence. Thereupon, respondent adjourned the trial for a week that relator might file a brief in support of his request for a jury trial; that relator filed his brief before the expiration of the week, and further action in the trial was then "passed" until the prosecuting attorney could prepare and file his answer brief. That this brief had been filed, and respondent is preparing to set the case for trial by the court and complete same, and will do so unless he is mandated to grant the request for a jury trial.

Prayer that mandate issue, etc.

On relator's verified petition an alternative writ issued to respondent commanding him to grant relator a jury trial, or show cause why he should not do so, on or before March 30, 1949. Within the time respondent filed his verified response, among other things stating that his court "follows the Circuit Court rule and requires that a request for trial by jury must be filed five full days prior to the date on which the case has been set for trial." That relator had filed no affidavit that an emergency had arisen preventing an earlier filing of the request, and therefore the request was only for delay. That the petition for mandate is premature for the reason that relator's motion for jury trial has not been ruled upon. That relator could present the alleged error on appeal, and therefore mandamus is not the proper remedy. That this court will not mandate a court to perform a discretionary act.

Among the fundamental rights guaranteed to every one charged with crime in Indiana, are: "In all criminal prosecutions, the accused shall have the right to a pub-

lic trial, by an impartial jury, in the county in which the offense shall have been committed; . . ." Indiana Constitution, Art. 1, § 13. See also *Niemeyer* v. *McCarty* (1943), 221 Ind. 688, 693, 51 N. E. 2d 365.

The general assembly has provided for a waiver by defendant of his rights under this section of the constitution in manner and form as follows:

> "The defendant and prosecuting attorney, with the assent of the court, may submit the trial to the court. All other trials must be by jury." Section 9-1803, Burns' 1942 Replacement.

Circuit Courts are required to "adopt rules for conducting the business therein not repugnant to the laws of this state; . . ." Section 4-313, Burns' 1946 Replacement. *State ex rel. Weaver* v. *Weir, Judge* (1936), 210 Ind. 601, 603, 4 N. E. 2d 542. *Barber* v. *State* (1925), 197 Ind. 88, 92, 149 N. E. 896. 14 Am. Jur., Courts, § 152 p. 357. *State ex rel.* v. *Gideon* (1893), 119 Mo. 94, 41 Am. St. Rep. 634, 24 S. W. 748. *The State* v. *Mead* (1837), 4 Blckfd. 309.

In discussing a similar rule of a circuit court this court has tersely said that "any rule which assumes to take away the right of a defendant in a criminal case to a jury trial is repugnant to the laws of the state." *Graves* v. *State* (1931), 203 Ind. 1, 178 N. E. 233. *State ex rel. Ray, Admx.* v. *Veneman, Judge* (1936), 209 Ind. 575, 577, 200 N. E. 216.

Respondent has not given us a copy of the rule he claims to rely upon. We cannot take judicial notice of the rules of Circuit courts or other *nisi prius* courts. 2 Gavit, *Indiana Pleading & Practice*, § 365 p. 2169. I Elliott, *General Practice* 175, § 188. *Rout* v. *Ninde et al.* (1889), 118 Ind. 123, 20

N. E. 704, and we have nothing before us to indicate whether the rule was in writing, legally adopted and promulgated, in respondent's court or whether it was merely an oral rule. If the latter, it would be void. *McDonald* v. *State* (1909), 172 Ind. 393, 395, 88 N. E. 673.

Rule 2-36 of this court provides "within the time allowed, a respondent may file in triplicate a return showing any reason in law or in fact why the writ should not be obeyed. . . ." Respondent has filed his return under this rule, but as before noted, has not included therein a copy of the alleged rule of his court upon which he claims to rely. Under these conditions no presumption can be indulged in favor of respondent and his action in reliance upon such alleged rule in the instant case. 21 C. J. S., Courts § 180 p. 288. *State ex rel. Eden* v. *Schneider* (1936), 102 Mont. 286, 292, 57 P. 2d 783. *State ex rel. Harp et al.*, v. *Vanderburgh Circuit Court et al.* (1949), *post*, 353, 85 N. E. 2d 254.

It seems to be accepted law that where a defendant in a criminal case is denied his constitutional rights by a trial court, that court has no jurisdiction to proceed further with the prosecution. *Knox County Council* v. *State ex rel. McCormick* (1940), 217 Ind. 493, 497, 29 N. E. 2d 405. *The State* v. *Mead, supra. Johnson* v. *Zerbst* (1938), 304 U. S. 458, 82 L. Ed. 1461. *Powell* v. *Alabama* (1932), 287 U. S. 45, 77 L. Ed. 158, 84 A. L. R. 527. Under this state of facts relator was not required to wait until a trial was completed by a court that had lost jurisdiction of the case, and then appeal from the void decision.

By swearing the witness and hearing part of the evi-

dence, respondent effectively denied relator's request for a jury, even though he may have neglected to make his intrinsic record show the ruling thereon.

Since the right to a jury trial is a fundamental right of every defendant in a criminal action, it is not waived by a defendant unless such waiver is made agreeable with the statute providing therefor. Section 9-1803, Burns' 1942 Replacement. The prompt disposal of a criminal case may not be accomplished by taking fundamental rights from a defendant. *Bradley and Taylor* v. *State* (1949), *ante*, 131, 84 N. E. 2d 580, 582, and cases cited. *Kuhn* v. *State* (1944), 222 Ind. 179, 193, 52 N. E. 2d 491.

When a defendant in a criminal case, before the beginning of his trial, asks for a jury, the trial judge is not called upon to exercise a discretion in the matter. He has an imperative duty to grant the request. *State ex rel. Ray* v. *Veneman, Judge; supra. Graves* v. *State, supra.* See also *Krutz* v. *Griffith, Admr.* (1879), 68 Ind. 444, 447. *The State* v. *Mead, supra. Goldsby and Another* v. *State* (1862), 18 Ind. 147. *Mershon* v. *State* (1873), 44 Ind. 598, 599.

Under our Constitution, Art. 1, § 13, it is the duty of a judge in a criminal case to assume that a defendant will want a jury trial, and to arrange the affairs of his court accordingly; unless and until the defendant and the prosecuting attorney, with the assent of the court, shall have waived that right agreeable with the statute, § 9-1803, Burns', 1942 Replacement, *supra*, authorizing such waiver. No rule, no matter how completely prepared and promulgated, can empower a court to take action that conflicts with the constitution of the state, with a general principle of law, or the provisions of a constitutional statute.

*Graves* v. *State, supra.* See also *State* v. *Gideon, supra,* and Annotations. *The Jeffersonville, M. & I. R. R. Co.* v. *Hendricks, Admr.* (1872), 41 Ind. 48, 56, 57. *De Lorme, Admr. Etc.* v. *Pease* (1856), 19 Ga. 220, 227. *Crotty* v. *Wyatt,* (1879), 3 Bradwell (Ill. App.) 388, 389. *State ex rel. Tooreau* v. *Posey, Judge* (1865), 17 La. Ann. 252. *Suckley's Admr's.* v. *Rotchford* (1855), 12 Gratt. (53 Va.) 60, 65 Am. Dec. 240. Anno. IV. General Limitations on Rule-Making Power, (a.) Subordination to Law. 110 A. L. R. 43.

It is, therefore, ordered that the alternative writ of mandate issued herein be and the same is made permanent, and respondent is hereby mandated to grant relator a trial by jury as prayed.

Starr C. J. and Young, J. concurring in the result.

NOTE.—Reported in 85 N. E. 2d 486.