MARION CITY COURT ET AL. *v.* STATE EX REL. SAMPLE.

[No. 30,066. Filed October 29, 1962.]

*Arden W. Zobrosky, pro se.*

*Thurman Biddinger,* of Marion, for appellee.

JACKSON, J.—This is an appeal from a judgment of the Grant Circuit Court mandating appellant to grant appellee a change of venue from appellants.

The factual situation in the case at bar is as follows: On April 11, 1960, appellee, Timothy Sample, was arrested for selling alcoholic beverages to a minor. The charge was filed in the appellant city court. Arraignment was had on April 12, 1960, with appellee entering a plea of not guilty. On May 5, 1960, counsel for appellee filed an affidavit and motion for a change of venue from the judge alleging bias and prejudice. The affidavit and motion was defective in that it was signed by the attorney for appellee. The motion was denied by the appellant judge.

Thereafter, on May 7, 1960, appellee filed a so-called second affidavit and motion for change of venue from the judge, which motion and affidavit was signed by the appellee Sample and averred *inter alia* "that said bias and prejudice of said judge against said defendant was not discovered until the fifth day of May, 1960, and that this affidavit was filed at the first opportunity after the discovery of said bias and prejudice which prevents the defendant from having a fair and impartial trial before the said Judge." The respondent court denied the motion on the grounds that it was not timely filed, and constituted a second application for a change of judge in spite of a statutory provision permitting only one such application.[1]

The only question we need to determine, in the instant case, is whether or not the application for change of venue filed by the attorney for appellee, in derogation of the statute, constituted an estoppel of the right of the appellee to file later a proper affi-

---

1. "Neither the state nor any defendant in the same cause may make more than one [1] application for change of judge." Acts 1937, ch. 290, §3, p. 1338, being §9-1318, Burns' 1956 Replacement.

davit in his own behalf and in accordance with the statute.

The pertinent statutes,[2] relating to the case at bar, are Acts 1927, ch. 132, §10, p. 411, being §9-1301, Burns' 1956 Replacement, which reads as follows:

"Affidavit for change of venue and change of judge—Time for filing as to change of judge.— The defendant may show to the court, by affidavit, that he believes he can not receive a fair trial, owing to the bias and prejudice of the judge against him, or the excitement or prejudice against the defendant in the county or in some part thereof, and demand to be tried by disinterested triers. Any affidavit for change of judge shall be filed at least ten [10] days before the day set for trial or if a date less than ten [10] days ahead is set for trial then such affidavit shall be filed within two [2] days after the setting of the case for trial."

and Acts 1937, ch. 290, §2, p. 1338, being §9-1317, Burns' 1956 Replacement, which reads as follows:

"Application—Verification—Time of filing.— The application for change of judge shall be in writing. When filed by the defendant, it shall be verified by affidavit of the defendant, and it may be accompanied by supporting affidavits. It shall be filed at least ten [10] days before the date set for the trial, or if a date less than ten [10] days in the future is set for the trial, the application shall be filed within two [2] days after the setting of the case for trial."

The language of the above statute is mandatory, requiring the affidavit to be signed by the defendant. Thus, the purported filing of the so-called first application for change of venue from the judge by counsel for appellee was a nullity, not bind-

2. Rule 1-12B of this court, 1958 Revision, applies only to civil cases and is not applicable here.

ing on the appellee, and was properly denied by the appellant. The first and only application for change of judge, filed by appellee, reads as follows, to-wit:

"AFFIDAVIT AND MOTION FOR CHANGE OF VENUE FROM THE JUDGE

"Comes now the Defendant, TIMOTHY SAMPLE, who being first duly sworn upon his oath, deposes and says:

"1. That he is the Defendant in the above entitled cause.

"2. That he cannot have a fair and impartial trial of said cause before the Honorable ARDEN W. ZOBROSKY, Judge of this Court, on account of the bias and prejudice against said Defendant, which said bias and prejudice this Affiant says now exists.

"3. That said bias and prejudice of said Judge against said Defendant was not discovered until the fifth day of May, 1960, and that this Affidavit was filed at the first opportunity after the discovery of said bias and prejudice which prevents the Defendant from having a fair and impartial trial before the said Judge.

"WHEREFORE, the Defendant prays the Court for a Change of Venue From The Judge in the within cause and for all other just and proper relief in the premises."

The above affidavit, in our opinion, is the first affidavit filed by the appellee, is sufficient in law and, as appellant admits in its brief, "would probably have been sufficient to require the change of judge. In a criminal case, the law appears to be that there is an absolute right to a change of judge for recently learned prejudice upon a proper affidavit for change, even though not filed with the statutory ten day period of time." *Beck* v. *State* (1961), 241 Ind. 231, 171 N. E. 2d 696.

It appears that the legislative intent was to limit the number of actual changes, rather than to ■ reduce the number of motions which could be submitted. In civil actions, where there is more discretion allowed the trial court, we have held as follows:

" . . . But relators' right to a change of venue is not exhausted by having filed one motion that does not comply with the rule, and no reason is seen why a proper motion, with an affidavit justifying the failure to file the motion before the causes were set for trial, may not now be filed if the facts justify it; and the filing of such motion now would require the granting of the change." *State ex rel. Thompson* v. *Barce, Judge*[3] (1937), 212 Ind. 595, 598, 10 N. E. 2d 612.

Having determined that the only application filed by the appellee in conformity to the statute was proper, it is therefore our opinion that the ■ action of the appellant Judge in denying appellee's affidavit for change of judge was reversible error. That being the case, the action of the Grant Circuit Court in mandating appellant to grant the change of venue was proper and that judgment is hereby affirmed.

Achor, Bobbitt and Landis, JJ., concur.

Arterburn, C. J., concurs in result.

NOTE.—Reported in 185 N. E. 2d 525.

---

3. Changes of venue in civil actions are now governed by Rule 1-12B.