GOSHEN CITY COURT ET AL. *v.* STATE OF INDIANA EX REL. JANICE L. CARLIN.

[No. 572A234. Filed September 28, 1972. Rehearing denied November 1, 1972.]

*Wilmer L. McLaughlin,* of Goshen, for appellants.

*Richard W. Mehl, Thomas M. Leatherman,* of Goshen, for appellee.

STATON, J.—The Goshen City Court denied Janice L. Carlin's motion for change of judge. She had been charged with illegal consumption of alcoholic beverages on August 25, 1971 while being under twenty-one years of age. A complaint and summons were filed in the Elkhart Circuit Court requesting mandamus relief upon the denied motion for change of judge which relief was granted. The Goshen City Court contends in its motion to correct errors and Reply Brief that:

1. A trial *de novo* is an adequate remedy; and
2. Concurrent jurisdiction of this offense precludes the circuit court from granting mandamus relief.

These contentions give rise to this sole issue which is to be decided by this appeal:

Does the circuit court have the authority to grant mandamus relief for change of judge where an inferior court has concurrent jurisdiction of the criminal offense and a trial *de novo* is available to the defendant?

We hold that it does in our opinion which affirms the judgment of the Elkhart Circuit Court.

*STATEMENT OF THE FACTS:* Janice L. Carlin was arrested on August 25, 1971 for the illegal consumption of alcoholic beverages. She was under twenty-one years of age. The following day, Janice L. Carlin filed her motion in the Goshen City Court for change of venue from the judge. This motion was denied. A complaint for mandate was filed in the Elkhart Circuit Court and summons issued. The verified complaint omitting the caption and jurat is as follows:

"Comes now Janice L. Carlin, Relator in the above entitled cause, and respectfully shows to the Court:

1. That on the 25th day of August, 1971, in the early morning hours, the Relator was arrested for illegal consumption of alcoholic beverages in the City of Goshen, Elkhart County, State of Indiana.
2. That she was charged with said crime by way of Affidavit signed by Officer Maynard Hartsough, and approved by Gregory Hartzler, Deputy Prosecuting Attorney for the 34th Judicial District. A copy of said Affidavit is attached hereto, marked 'Exhibit A'.
3. That at approximately 9:30 A.M. on the 25th day of August, 1971, the Relator was taken before the Honorable James A. Simpson, the Judge of the Goshen City Court, Goshen, Elkhart County, Indiana.
4. That the Relator was granted additional time to plead so that she might have the advice of counsel.
5. That on the 26th day of August, 1971, the Relator, by her attorney, Richard W. Mehl, moved the Court for a change of venue from the Judge. A copy of said Motion is attached hereto and marked 'Exhibit B'.
6. That on the 26th day of August, 1971, the Honorable James A. Simpson, Judge of the Goshen City Court, Goshen, Elkhart County, Indiana, overruled and denied the Relator's Motion for Change of Venue from the Judge. A copy of said Order being attached hereto, marked 'Exhibit C'.
7. That the Relator herein has no speedy or adequate remedy by appeal or otherwise, for relief from said Order denying said Motion.

"WHEREFORE, the Relator prays the Court for a Writ of Mandate issue and directed to the Honorable James A. Simpson, directing and ordering him to grant to Motion of the Relator for a change of venue from the Judge, and to make provision for the selection of a special judge pursuant to Criminal Rule 13 of this Court.

/s/   Janice L. Carlin
Janice L. Carlin"

The record shows that the regular judge of the Elkhart Circuit Court disqualified himself for the reason that the defendant judge of the Goshen City Court is his son. By agreement, the parties agreed upon Philip E. Byron, Jr. as special judge. The Goshen City Court filed its motion to dismiss which relied upon TR. 12(B) (1) and (6) of the

Indiana Rules of Civil Procedure. The motion to dismiss was overruled. No responsive pleadings were filed. The special judge entered the following order on January 6, 1972:

"The Court, having heretofore, on the 29th day of December, 1971, overruled the Respondents' TR-12(B) (1) and (6) Motion to Dismiss and the Respondents have notified the Court that they will not file any responsive pleading to the Complaint, this cause is now submitted to the Court upon the Verified Complaint of the Relator.

"The Court, having examined said Verified Complaint and being duly advised in the premises, now finds in favor of the Relator and against the Respondents and that the prayer of said Verified Complaint should be granted.

"It is, therefore, ORDERED, ADJUDGED AND DECREED by the Court that the Respondents be, and they hereby are, commanded and directed to enter an Order granting the Motion for Change of Venue from the Judge, filed by the Relator on August 26, 1971 in Cause Number 711820 in the City Court of the City of Goshen, Indiana, and to implement said Order with provisions for the selection of A Special Judge in accordance with the terms of CR-13 of the Indiana Rules of Criminal Procedure.

"The Clerk of this Court is hereby directed to forthwith serve a Notice of the Entry of this Writ with a copy thereof upon the Respondents by mail and make a note in the Docket of the mailing."

*STATEMENT OF THE ISSUE:* The sole issue presented by this appeal is:

Does the Circuit Court have the authority to grant mandamus relief for change of judge where an inferior court has concurrent jurisdiction of the criminal offense and a trial *de novo* is available to the defendant?

It is not disputed that the Goshen City Court has a clear legal duty to grant the motion for change of venue from the judge. IC 1971, 18-1-14-1; Ind. Ann. Stat. § 4-6001 (Burns 1972 Supp.) and IC 1971, 35-1-25-1; Ind. Ann. Stat. § 9-1301 (Burns 1956). See also *Beck* v. *State* (1961), 241 Ind. 231, 171 N. E. 2d 696.

*STATEMENT OF THE LAW:* The Goshen City Court contends that mandamus relief is not available to Janice L. Carlin for two reasons:

1. The statutory *de novo* remedy is adequate and "ample"; and
2. The Goshen City Court has concurrent jurisdiction with the Elkhart Circuit Court on the offense charged.

We will discuss these two reasons separately. *De novo* as an adequate remedy at law will be discussed first.

The Elkhart Circuit Court has statutory authority to grant mandamus relief upon the filing of a complaint and summons in the name of the State on relation of the party in interest.[1] IC 1971, 34-1-58-1; Ind. Ann. Stat. § 3-2201 (Burns 1968) provides:

> "Actions by complaint and summons substituted for writ of mandate in circuit and superior courts—When mandate and prohibition issued by Supreme and Appellate Courts.— Writs of mandate in the circuit and superior courts of this state are hereby abolished, and *the causes of action heretofore remedied by means of such writs shall hereafter exist and be remedied by means of complaint and summons in the name of the state on relation of the party in interest, in the circuit, superior and probate courts of this state, as other civil actions, and shall be known as actions for mandate.* Writs of mandate and prohibition may issue out of the Supreme and Appellate Courts of this state in aid of the appellate powers and functions of said courts respectively. Such writs of mandate may issue out of the Supreme Court of Indiana to any and all inferior courts compelling the performance of any duty enjoined by law

1. In *Gruber, Trustee* v. *State, ex rel. Welliver* (1925), 196 Ind. 436, 442-443, 148 N. E. 481, our Supreme Court stated:

"In this state, as a matter of pleading under our Code, a complaint and summons take the place of the common-law writ of mandamus, but the remedial character of our statutory action for mandate is the same as that given by the old writ. The present remedy is by statute made to run to 'any inferior tribunal, corporation, public or corporate officer or person to compel the performance of any act which the law specifically enjoins, or any duty resulting from any office, trust or station.' § 1245 Burns 1926, § 1225 Burns 1914, Acts 1911 p. 541."

For the comparable section to § 1245 cited above see IC 1971, 34-1-58-2; Ind. Ann. Stat. § 3-2202 (Burns 1968).

upon such inferior courts including the granting of changes of venue from the county in cases where such change of venue is allowed by law, and timely, proper and sufficient motion and affidavit has been filed therefor, and such change of venue has been refused. Writs of prohibition may also issue out of the Supreme Court of Indiana to such inferior courts to restrain and confine such inferior courts to their respective lawful jurisdiction." (Our emphasis)

This statute gives the circuit, probate and superior courts authority to grant mandamus relief as in other civil actions upon complaint and summons.[2]

Where an inferior court is required to perform an act of ministerial character or to perform an act dictated by a clear legal duty, the circuit court may grant mandamus relief. In *State ex rel. Adams* v. *Hammitt* (1939), 216 Ind. 237, 24 N. E. 2d 30, our Supreme Court stated:

". . . Mandates issue against inferior courts to perform acts of a ministerial character or to compel the performance of a clear legal duty." 216 Ind. at 239-240.

Granting a change of venue from the judge in a criminal case is a clear legal duty. In *Marion City Court* v. *State ex rel. Sample* (1962), 243 Ind. 371, 185 N. E. 2d 524, the defendant had been charged with selling alcoholic beverages to a minor. He filed a motion for a change of venue from the judge after the ten day period of time for filing had expired. The motion for change of venue from the judge was denied by the Marion City Court. Our Supreme Court stated in *Marion City Court, supra,* at 374 that:

". . . In a criminal case, the law appears to be that there is an absolute right to a change of judge for recently learned prejudice upon a proper affidavit for change, even though not filed with the statutory ten day period of time.' "

2. The question of granting mandamus relief in aid of appellate jurisdiction will not be discussed in this opinion. Where an appeal or trial *de novo* is provided by statute, mandamus relief in aid of appellate jurisdiction is a facet of this general proposition of law, but our scope of discussion here is narrowed to ministerial acts or acts dictated by a clear legal duty.

The Grant Circuit Court had mandated the Marion City Court to grant the change of judge. Concluding its opinion in *Marion City Court, supra,* at 375, 185 N. E. 2d at 527, our Supreme Court stated:

". . . [T]he action of the Grant Circuit Court in mandating appellant to grant the change of venue was proper and that judgment is hereby affirmed."

Trial *de novo* presupposes that there has been a submission of the issues on the merits to the inferior tribunal. It is a second trial of the issues on the merits.[3] The Elkhart Circuit Court would have to inquire into the jurisdiction of the Goshen City Court for the purpose of deciding whether it has jurisdiction itself to dispose of the case as an original action on *de novo. Baldwin* v. *Runyan* (1893), 8 Ind. App. 344, 35 N. E. 569; *Smith* v. *State* (1956), 234 Ind. 691, 131 N. E. 2d 148. When a motion for change of venue from the judge is filed, the Goshen City Court is ". . . divested of jurisdiction to take any further action, except to grant the change." *State ex rel. White Water Ass'n of Primitive Baptists* v. *Hoelscher* (1935), 208 Ind. 334, 198 N. E. 1; *Anderson* v. *Sell* (1971), 150 Ind. App. 262, 276 N. E. 2d 194. If the Goshen City Court does not have jurisdiction to enter a judgment, it would follow that no transcript could be filed within the thirty days provided by statute for an appeal. Therefore, no adequate remedy is available in the present case. *State ex rel. O'Neill* v. *Pyle* (1933), 204 Ind. 509, 184 N. E. 776; *State ex rel. Beckham, Sr.* v. *Vanderburgh Circuit Court* (1954), 233 Ind. 368, 119 N. E. 2d 713. In *State ex rel. McGarr* v. *DeBaun* (1926), 198 Ind. 661, 667, 154 N. E. 492, our Supreme Court stated where a motion for change of venue had been filed that:

---

3. The general proposition of law urged by the City Court of Goshen is that mandamus will not lie if there is another legal remedy. This proposition is not applicable in the present case for the reason that there is a clear legal duty and secondly, for the reason that change of venue from the judge does not run to the merits of the offense charged. Therefore, no appeal is afforded on the issue of change of judge to which the defendant has an absolute right.

"... It [the authority for issuing the writ] rests entirely upon the court's refusal to do a plain statutory duty, and the doing of which, under the command of the statute, in our opinion, was a ministerial act. Such being the case at hand, we are fully convinced that an action for mandate is not only proper, but the only adequate remedy available to this relator."

We must conclude that the granting of a motion for a change of venue from judge in the present case is a ministerial act which the court has a clear legal duty to perform and that mandamus relief may be sought from the Elkhart Circuit Court.

The Goshen City Court's second reason is that it has concurrent jurisdiction with the circuit court over the offense charged which would preclude the circuit court from granting mandamus relief.[4] This contention is without merit for two reasons:[5]

1. The Goshen City Court is an inferior court; and
2. Mandamus is a separate civil action to enforce a civil remedy. *Gruber, Trustee, supra,* at 443, 148 N. E. 481.

A third consideration is the most basic and fundamental reason. Mandamus relief flows in a parallel fashion from the reviewing court to the inferior court where there is concurrent jurisdiction. The Elkhart Circuit Court is the reviewing court on trial *de novo* and the Goshen

---

4. IC 1971, 18-1-14-5; Ind. Ann. Stat. § 4-6002 (Burns 1968); *State v. Bridwell, Special Judge* (1960), 241 Ind. 135, 170 N. E. 2d 233; *State ex rel. McClure* v. *Marion Superior Court* (1959), 239 Ind. 472, 158 N. E. 2d 264. The Goshen City Court has attempted to equate itself with the circuit, probate and superior courts under IC 1971, 34-1-58-1; Ind. Ann. Stat. § 3-2201 (Burns 1968) by using concurrent jurisdiction over the offense charged. Mandamus is a separate civil action to enforce a civil remedy which is commenced by complaint and summons.

5. The concurrent jurisdiction contention urged by the Goshen City Court was mentioned for the first time in its Reply Brief. There is no mention of concurrent jurisdiction in its "Motion to Correct Errors." We have discussed this contended error on the merits in this opinion; however, we caution against such practice. Any issues asserted to be errors which are not stated with specificity in a motion to correct errors are deemed waived on appeal. *Spivey* v. *State* (1971), 257 Ind. 257, 274 N. E. 2d 227; and also see Indiana Rules of Procedure, Trial Rule 59 (G).

City Court is the inferior court having concurrent jurisdiction over the offense charged. The reasoning suggested by the Goshen City Court would render IC 1971, 34-1-58-1; Ind. Ann. Stat. § 3-2201 (Burns 1968) ineffective when carried to its inevitable conclusion. *A fortiori* is suggested. We find none.

The judgment of the Elkhart Circuit Court should be and the same hereby is affirmed.

Hoffman, C.J. and Sharp, J., concur.

NOTE.—Reported in 287 N. E. 2d 591.