CORRINE GILLESPIE *v*. ROBERT W. GILMORE AND
WALTER P. CHAPALA.

[No. 3-673A70. Filed February 28, 1974.]

*Hilbert L. Bradley,* of Gary, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,*
Deputy Attorney General, for appellee.

HOFFMAN, C.J.—This is an appeal by plaintiff-appellant
Corrine Gillespie from a judgment denying her request for an
order mandating defendant-appellee Robert W. Gilmore, Judge
of the City Court of Michigan City, Indiana, to grant her re-

quest for a trial by jury and enjoining defendant-appellee Walter P. Chapala, deputy prosecuting attorney of LaPorte County, Indiana, from further prosecution by trial without a jury of charges pending against Gillespie in the City Court of Michigan City, Indiana.

Three issues are presented for review in this appeal:

1. Is this action for mandate improperly brought in the name of Gillespie alone, rather than in the name of the State on the relation of Gillespie?

2. Does Gillespie have the right to a trial by jury of the pending misdemeanor charges in the City Court of Michigan City, Indiana?

3. Is mandate available to compel an inferior court to grant a request for trial by jury?

ISSUE 1. Prior to the adoption of the Indiana Rules of Procedure the form of an action seeking a writ of mandate was controlled by IC 1971, 34-1-58-1 (Burns Code Edition), which provides, in pertinent part, as follows:

> "Writs of mandate in the circuit and superior courts of this state are hereby abolished, and the causes of action heretofore remedied by means of such writs shall hereafter exist and be remedied by means of complaint and summons in the name of the state on relation of the party in interest, in the circuit, superior and probate courts of this state, as other civil actions, and shall be known as actions for mandate."

During the period in which this provision was in effect it was held to be mandatory. However, the enactment and adoption of the Indiana Rules of Procedure on January 1, 1970, repealed and superseded all procedural statutes and rules in conflict therewith, including but not limited to those expressly repealed by IC 1971, 34-5-1-3 (Burns Code Edition). *State* v. *Bridenhager* (1972), 257 Ind. 544, 279 N.E.2d 794. Accordingly, the form of action for seeking a writ of mandate is now controlled by Rule TR. 17(A)(2), Indiana Rules of Procedure, which provides, in part:

> "When a statute provides for an action by this state on the relation of another, the action may be brought in

the name of the person for whose use or benefit the statute was intended."

Since Rule TR. 17(A)(2), *supra,* unequivocally abolishes the former *State ex rel.* action provided for in IC 1971, 34-1-58-1, *supra,* and elsewhere, and Gillespie's action was commenced on March 23, 1973, after the effective date of the Indiana Rules of Procedure, this action was properly brought in the name of the interested party, Corrine Gillespie.

ISSUE 2. Gillespie was charged by two affidavits with violation of IC 1971, 35-1-104-13, Ind. Ann. Stat. § 10-2317 (Burns 1956)—allowing minors to play games; and IC 1971, 35-1-104-14, Ind. Ann. Stat. § 10-2318 (Burns 1956)—allowing minors to congregate in billiard room. The statutory punishment for each offense is a fine of not less than five nor more than fifty dollars, to which may be added imprisonment in the county jail or workhouse for not less than ten days nor more than six months. Therefore, the charged offenses are clearly misdemeanors according to IC 1971, 35-1-1-1, Ind. Ann. Stat. § 9-101 (Burns 1956),[1] and for this reason appellees contend that Gillespie has no right to trial by jury. This contention is, however, not consistent with Indiana law.

Art. 1, § 13, of the Constitution of Indiana provides, in part, as follows:

"In all criminal prosecutions, the accused shall have the right to a public trial, by an impartial jury * * *."

This provision makes no distinction between felonies and misdemeanors or between degrees of misdemeanors in guaranteeing the right to a jury trial.

In *State ex rel. Rose* v. *Hoffman, Judge* (1949), 227 Ind. 256, 85 N.E.2d 486, the Supreme Court of Indiana, relying

---

1. IC 1971, 35-1-1-1, Ind. Ann. Stat. § 9-101 (Burns 1956), provides as follows: "All crimes and public offenses which may be punished with death or imprisonment in the state prison shall be denominated felonies; all [and] all other offenses against the criminal law shall be denominated misdemeanors."

on Art. 1, § 13 of the Constitution of Indiana, issued a writ of mandate ordering the trial court to grant a trial by jury to a defendant charged with contributing to the delinquency of a minor, a misdemeanor punishable by a fine not to exceed five hundred dollars to which may be added imprisonment for a term not to exceed six months (IC 1971, 35-14-1-1, Ind. Ann. Stat. § 10-812 (Burns 1956)). In *Bolkovac v. State* (1951), 229 Ind. 294, 98 N.E.2d 250, our Supreme Court affirmed this position and at 299 of 229 Ind., at 252 of 98 N.E.2d, stated:

> "The right to a trial by jury as well as the right 'to be heard by himself and counsel' are both contained in § 13 of Article 1 of the Constitution of Indiana. There is no doubt that an accused has the right to a trial by jury in a misdemeanor case. *State ex rel. Rose* v. *Hoffman, Judge* (1949), 227 Ind. 256, 85 N.E.2d 486. The language of the section, 'In all criminal prosecutions,' includes prosecutions for misdemeanors." (Footnote omitted.)

Thus, when Gillespie properly filed her request for trial by jury at the time of her arraignment on the misdemeanor charges, she had a clear legal right to trial by jury and appellee-Gilmore, as Judge of the City Court of Michigan City, Indiana, had an imperative duty to grant her request.

ISSUE 3. When an inferior court is required to perform an act of a ministerial character or to perform an act dictated by a clear legal duty, such as granting Gillespie's request for trial by jury, an action for mandate is proper to compel the performance of such act. *State ex rel. Rose* v. *Hoffman, Judge, supra; Goshen City Court* v. *State ex rel. Carlin* (1972), 153 Ind. App. 342, 287 N.E.2d 591, 32 Ind. Dec. 624.

Gilmore and Chapala's argument that the extraordinary remedy of mandamus is not proper because Gillespie had an adequate remedy by way of an appeal from an adverse judgment after trial to the court is without merit.

Gillespie had a constitutional right to a trial by jury and the denial of her request denied her that right. When a defendant in a criminal case is denied by the trial court that which she has the fundamental constitutional right to have, that court is divested of all further jurisdiction to proceed with the prosecution. *State ex rel. Rose* v. *Hoffman, Judge, supra.* See: *Goshen City Court* v. *State ex rel. Carlin, supra.*

In this situation, Gillespie was not required to wait until a trial was completed in the City Court of Michigan City which no longer had jurisdiction of the action and then appeal from that void decision, but could immediately bring an action for mandate to compel the inferior court to perform that which it had a clear legal duty to do and grant her request for trial by jury. *State ex rel. Rose* v. *Hoffman, Judge, supra.* See: *Goshen City Court* v. *State ex rel. Carlin, supra.*

In their brief, Gilmore and Chapala raise the additional issue of Gillespie's failure to bring suit against them in their official, rather than individual, capacities. Gilmore and Chapala failed to present this issue to the LaPorte Superior Court and the record does not demonstrate that the trial court based its decision on such contention. Also, appellees have failed to present any argument or cite any authority to support this contention as required by Rule AP. 8.3(A)(7), Indiana Rules of Procedure. Thus, this tendered issue presents nothing for review on appeal.

Therefore, this cause is reversed and remanded to the LaPorte Superior Court, No. 2, with instructions to issue an order mandating Robert W. Gilmore, as Judge of the City Court of Michigan City, to grant Gillespie's request for trial by jury.

Reversed and remanded with instructions.

Garrard and Staton, JJ., concur.

NOTE.—Reported at 307 N.E.2d 480.