

FILED

Feb 06 2018, 10:21 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Rory Gallagher
Marion County Public Defender
Agency – Appellate Division
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

State of Indiana,

*Appellant-Plaintiff,*

v.

Latasha Bonds,

*Appellee-Defendant.*

February 6, 2018

Court of Appeals Case No.
49A02-1704-CR-770

Appeal from the Marion Superior
Court

The Honorable Annie Christ-
Garcia, Judge

Trial Court Cause No.
49G24-1606-CM-23081

**Bradford, Judge.**

# Case Summary[1]

On June 15, 2016, Appellee-Defendant Latasha Bonds was charged with two misdemeanor offenses. Bonds waived her right to a trial by jury, instead electing to be tried in a bench trial. Appellant-Plaintiff the State of Indiana ("the State"), however, filed a written demand for a jury trial. The State initiated this interlocutory appeal after the trial court denied its demand for a jury trial and set the matter for a bench trial. Because we conclude that (1) the State does not have the right to demand a jury trial and (2) the State's consent to a bench trial was not necessary in the underlying case, we affirm. It therefore follows that on remand, the matter should proceed to a bench trial.

# Facts and Procedural History

Bonds stands accused of two misdemeanor offenses. On June 15, 2016, the State charged Bonds with Count I, Class A misdemeanor carrying a handgun without a license and Count II, Class A misdemeanor possession of marijuana. During a December 13, 2016 pre-trial conference, Bonds requested that the case be set for a bench trial. The deputy prosecutor responded, "Your Honor, the State does not waive." Tr. Vol. II, p. 93. The trial court reminded the deputy

---

[1] We held oral argument on January 22, 2018, at Ben Davis High School in Indianapolis. We wish to thank counsel for their advocacy and extend our appreciation to the students, faculty, and staff of Ben Davis for their hospitality.

prosecutor that the case involves only misdemeanor charges and set the case for a bench trial on February 6, 2017.

[3] On December 28, 2016, the State filed a written demand for a jury trial. Following a January 23, 2017 hearing on the State's motion, the trial court rejected the State's demand for a jury trial. The trial court subsequently certified the issue for interlocutory appeal and this interlocutory appeal follows.

# Discussion and Decision

## I. The Parties' Contentions

[4] On appeal, the State contends that the trial court erred in denying its demand for a jury trial. In raising this contention, the State claims that the trial court erred in interpreting Indiana Code section 35-37-1-2 and Indiana Rule of Criminal Procedure 22 ("Criminal Rule 22"). Specifically, the State claims that the trial court erred in finding that the State did not have the right to demand a jury trial. The State alternatively claims that even if it could not demand a jury trial, its consent was necessary before the matter could be scheduled for a bench trial.

[5] For her part, Bonds acknowledges that Indiana Code section 35-37-1-2 requires that the defendant, the State, and the trial court agree to waiver of a jury trial in cases involving felony charges, but contends that Criminal Rule 22 controls in this case as the case only involves misdemeanor charges. Thus, Bonds further contends that "[b]ecause the trial court properly followed Criminal Rule 22 by

setting the matter for bench trial, this Court should affirm the trial court's denial of the State's demand for jury trial." Appellee's Br. p. 8.

## II.  Standard of Review

On appeal, appellate courts "review a matter of statutory interpretation de novo because it presents a question of law." *Sloan v. State*, 947 N.E.2d 917, 920 (Ind. 2011).  "[W]hen engaging in statutory interpretation, we 'avoid an interpretation that renders any part of the statute meaningless or superfluous.'" *ESPN, Inc. v. Univ. of Notre Dame Police Dep't*, 62 N.E.3d 1192, 1199 (Ind. 2016) (quoting *Hatcher v. State*, 762 N.E.2d 189, 192 (Ind. Ct. App. 2002)).

## III.  Overview of the Right to Trial by Jury

### A.  Constitutional Protections

"The jury trial right is a bedrock of our criminal justice system, guaranteed by both Article I, Section 13 of the Indiana Constitution [("Article I, Section 13")] and the Sixth Amendment to the United States Constitution [("the Sixth Amendment")]." *Horton v. State*, 51 N.E.3d 1154, 1158 (Ind. 2016) (bracketed material added).  The Sixth Amendment provides as follows:

> Amendment VI.  Jury trials for crimes, and procedural rights
>
> In all criminal prosecutions, *the accused* shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory

process for obtaining witnesses in his favor, and to have the
Assistance of Counsel for his defence.

(Emphasis added). Article I, Section 13 provides, in relevant part, as follows:

> § 13 Rights of *accused* in criminal prosecutions
>
> Section 13. (a) In all criminal prosecutions, *the accused* shall have
> the right to a public trial, by an impartial jury, in the county in
> which the offense shall have been committed; to be heard by
> himself and counsel; to demand the nature and cause of the
> accusation against him, and to have a copy thereof; to meet the
> witnesses face to face, and to have compulsory process for
> obtaining witnesses in his favor.

(Emphases added).

[8] "In broad view, federal and Indiana constitutional jury trial rights guarantee the same general protection—a criminal defendant must receive a jury trial, unless he waives it." *Horton*, 51 N.E.3d at 1158. The clear language of both the Sixth Amendment and Article I, Section 13 specifies that the rights afforded by each of these constitutional provisions are afforded to the accused. Neither provision contains any language indicating that the right to demand a jury trial is also afforded to the State. This is consistent with the general principle that both the

United States and Indiana Constitutions provide certain enumerated rights meant to protect the citizenry from over-reach by the government.[2]

[9] In addition, in Indiana the right to a jury trial is further guaranteed by Indiana Code section 35-37-1-2, which provides that "[t]he defendant and prosecuting attorney, with the assent of the court, may submit the trial to the court. Unless a defendant waives the right to a jury trial under the Indiana Rules of Criminal Procedure, all other trials must be by jury."

## B. Waiver of the Right to Trial by Jury

[10] "Waiver of the Sixth Amendment jury trial right must be 'express and intelligent[.]'" *Horton*, 51 N.E.3d at 1158 (quoting *Patton v. U.S.*, 281 U.S. 276, 312 (1930)). "[W]aiver of the Indiana constitutional jury trial right must be 'knowing, voluntary[,] and intelligent[.]'" *Id.* (quoting *Perkins v. State*, 541 N.E.2d 927, 928 (Ind. 1989)) (second set of brackets in original). Under this provision, "waiver is valid only if communicated *personally* by the defendant." *Id.* (emphasis in original).

---

[2] During oral argument, the State asserted that because it was not specifically mentioned in the constitutional provisions, statutory authority, or Supreme Court rules relating to an accused's right to a jury trial, none of the limitations for such applied to the State and the State was therefore free to invoke its claimed right to a jury trial at any time. We are unpersuaded by the State's assertion, however, because we find it to be inconsistent with the generally accepted principle that the United States and Indiana Constitutions are meant to protect the citizenry from over-reach by the government by limiting the powers of the government and granting certain enumerated rights to the citizenry which are not granted to the State. Constitutional and statutory rights are specifically created by enumeration, not by silence.

[11]    Again, it is important to note that under both the Sixth Amendment and Article I, Section 13, the right to a jury trial is only expressly conferred upon the accused. As such, the requirements for waiver of that right generally relate to actions which must be taken by the accused.

### 1. Felonies vs. Misdemeanors

[12]    While Article I, Section 13 "guarantees the right to a jury trial without distinction between felonies and misdemeanors or between degrees of misdemeanors," *Stevens v. State*, 689 N.E.2d 487, 489 (Ind. Ct. App. 1997) (citing *Gillespie v. Gilmore*, 159 Ind. App. 449, 451, 307 N.E.2d 480, 482 (1974)), applicable authority has differentiated between the two. Applicable case law indicates that generally, "[a] person charged with a felony has an automatic right to a jury trial; the defendant is presumed not to waive this right unless he affirmatively acts to do so." *Poore v. State*, 681 N.E.2d 204, 207 (Ind. 1997).

[13]    However, "'[t]he right to a jury trial in misdemeanor cases is not self-executing, but is controlled by Indiana Rule of Criminal Procedure 22.'" *Martinez v. State*, 82 N.E.3d 261, 264 (Ind. Ct. App. 2017) (quoting *Fiandt v. State*, 996 N.E.2d 421, 423 (Ind. Ct. App. 2013)), *trans. denied*. "'Thus, when charged with a misdemeanor, a defendant can waive [his or] her right to a jury trial by failing to make a timely demand for trial by jury.'" *Fiandt*, 996 N.E.2d at 423 (quoting *Young v. State*, 973 N.E.2d 643, 645 (Ind. Ct. App. 2012)) (bracketed material in original). "Further, although a defendant must be advised of her constitutional right to a jury trial, a written advisement of her rights and the consequences of

failure to make a timely demand is sufficient to act as a waiver of said right."
*Young*, 973 N.E.2d at 645.

[14] Criminal Rule 22 provides as follows:

> A *defendant* charged with a misdemeanor *may demand trial by jury* by filing a written demand therefor not later than ten (10) days before his first scheduled trial date. The failure of a defendant to demand a trial by jury as required by this rule shall constitute a waiver by him of trial by jury unless the defendant has not had at least fifteen (15) days advance notice of his scheduled trial date and of the consequences of his failure to demand a trial by jury.
>
> The trial court shall not grant a demand for a trial by jury filed after the time fixed has elapsed except upon the written agreement of the state and defendant, which agreement shall be filed with the court and made a part of the record. If such agreement is filed, then the trial court may, in its discretion, grant a trial by jury.

(Emphases added). Thus, pursuant to Criminal Rule 22, a defendant charged with a misdemeanor must file a timely written request for a jury trial and failure to do so results in waiver of the accused's right to a jury trial.

# IV. Analysis

## A. Whether the State has the Right to Demand a Jury Trial

[15] In claiming that the trial court erred in denying its demand for a jury trial, the State asserts that "[i]t has long been held that the statute governing jury trials requires that the defendant, the State, and the trial court all agree to any waiver of a jury trial." Appellant's Br. p. 6. The State further asserts that "[b]ecause

there is no reason to believe that the General Assembly intended to remove the State's long held statutory right to demand a jury trial, the trial court erred in denying the State's request for a jury trial." Appellant's Br. p. 6. In researching the State's assertions, however, we were unable to uncover any authority indicating that the State has the right to demand a jury trial. Rather, the relevant authority seems to suggest the opposite, *i.e.*, that the right to demand a jury trial rests solely with the accused. Considering the relevant authority together with the clear language of the constitutional provisions discussed above, we conclude that the right to demand a jury trial rests solely with the accused and that the State does not have the right to demand a jury trial over the accused's objection.

[16] This conclusion is consistent with the likely intent of the Indiana Supreme Court as it seems illogical that it would place restrictions on when and how an accused can exercise their constitutionally protected right to trial by jury but fail to extend any of the same restrictions on the State. Criminal Rule 22 sets forth the procedure that an accused must follow if he or she wishes to submit his or her case to a jury rather than the trial court. Criminal Rule 22, however, makes no mention of any procedure by which the State may request to have the case be tried before a jury. If the Indiana Supreme Court had intended for the right to trial by jury to be extended to the State, it easily could have indicated that the procedures set forth in Criminal Rule 22 applied in equal force to both the accused and the State.

## B. Whether the State's Consent to a Bench Trial was Necessary

[17] For many years, Indiana Code section 35-37-1-2 provided that "[t]he defendant and prosecuting attorney, with the assent of the court, may submit the trial to the court. All other trials must be by jury." The Indiana Supreme Court interpreted this statute as meaning that "all criminal trials must be by jury except where [a bench trial is] consented to by both the parties and the court[.]" *Alldredge v. State*, 239 Ind. 256, 263, 156 N.E.2d 888, 891 (1959). However, effective July 1, 2015, the Indiana General Assembly amended Indiana Code section 35-37-1-2 to provide that "[t]he defendant and prosecuting attorney, with the assent of the court, may submit the trial to the court. Unless a defendant waives the right to a jury trial under the Indiana Rules of Criminal Procedure, all other trials must be by jury." In arguing that the trial court erred by denying its request for a jury trial, the State claims that "it is reasonable to conclude that if the General Assembly intended to nullify the first sentence of the statute, then the first sentence would have been modified or deleted." Appellant's Br. p. 10. Thus, the State argues that Bonds should only receive a bench trial if the State consents, which it did not do.

[18] Contrary to the State's claim, however, we interpret the changes to Indiana Code section 35-37-1-2 as clarifying that the unchanged language provides the procedure for waiving a jury trial in a felony case while the added language clarifies the procedure for waiving a jury trial in a misdemeanor case. We believe that this interpretation better encompasses the likely intent of the

General Assembly as it would not render any part of the amended version superfluous or meaningless. Stated differently, the addition of the reference to Criminal Rule 22, which again controls in cases involving only misdemeanor charges, would arguably have no bearing on the first sentence which has long been applied to cases involving felony charges. This interpretation is also consistent with Indiana Supreme Court's decision in *Horton*, where it noted that "[e]ffective July 1, 2015, an amendment to this statute makes clear that the personal waiver requirement applies only in felony prosecutions—not misdemeanor prosecutions…. [Criminal Rule 22] provides that *a defendant* charged with a misdemeanor *is presumed to waive the jury trial right unless he invokes it in writing* at least ten days before the first scheduled day of trial." *Horton*, 51 N.E.3d at 1158 n.1 (emphases added).

[19] Considering the language of Criminal Rule 22 coupled with the recent change to Indiana Code section 35-37-1-2 and the Indiana Supreme Court's statement found in footnote 1 in *Horton*, we infer that the General Assembly and the Indiana Supreme Court intended for misdemeanors to continue to be treated differently than felonies with regard to waiver of one's right to trial by jury.[3] We further conclude that because the instant matter involves only a

---

[3] We note that provisional data for 2017 reveals that in 2017, 13,747 cases with misdemeanor cause numbers were filed in Marion County. *See* https://publicaccess.courts.in.gov/ICOR/ (last visited January 25, 2018). Provisional data also reveals that 136,550 cases with misdemeanor cause numbers were filed statewide in 2017. *See id.*

misdemeanor charge, Criminal Rule 22, which does not require the State's consent to a defendant's waiver of her right to a jury trial, controls.

# Conclusion

[20] The facts of this case demonstrate that Bonds was charged with two misdemeanor offenses. The State filed a written demand for a jury trial after Bonds waived her right to a jury trial. The trial court denied the State's demand for a jury trial and set the matter for bench trial. Because we conclude that the State did not have the right to demand a jury trial and that the State's consent to a bench trial was not necessary, we affirm the judgment of the trial court. On remand, the matter should therefore proceed to a bench trial.

[21] The judgment of the trial court is affirmed and the matter remanded to the trial court for further proceedings.

Robb, J., and Altice, J., concur.