## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Nov 27 2019, 10:20 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael D. Gross
Lebanon, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tiffany A. McCoy
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jordan Gilliam,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | November 27, 2019<br><br>Court of Appeals Case No.<br>19A-CR-1055<br><br>Appeal from the Boone Superior<br>Court<br><br>The Honorable Bruce E. Petit,<br>Judge<br><br>Trial Court Cause No.<br>06D02-1708-CM-1533 |

**Crone, Judge.**

## Case Summary

[1] Following a bench trial, Jordan Gilliam was convicted of class A misdemeanor domestic battery and class C misdemeanor illegal consumption of an alcoholic beverage. The sole issue Gilliam raises on appeal is whether he knowingly waived his right to a jury trial. We affirm.

## Facts and Procedural History

[2] On August 21, 2017, the State charged Gilliam with class A misdemeanor domestic battery. An initial hearing was held that same day, and Gilliam was given a Defendant's Rights form. Paragraph one of the form advised Gilliam,

> You have a right to a public and speedy trial of your case, and that could be a trial by court or by jury. FOR A MISDEMEANOR CHARGE, YOU MAY REQUEST A JURY TRIAL IN WRITING AT LEAST TEN (10) DAYS BEFORE THE FIRST SCHEDULED TRIAL DATE. FAILURE TO DO SO COULD RESULT IN A WAIVER OF JURY TRIAL.

Appellant's App. Vol. 2 at 22-23. Gilliam initialed each paragraph of the form and signed the bottom of the form.

[3] The trial court also conducted an advisement of rights, during which the following colloquy took place:

> COURT: Now did each of you read, write and understand the English language, were you given the advice of rights form and did you read it, initial it and sign it? Mr. Gilliam?
>
> DEFENDANT: Yes sir.

COURT: Any question about the constitutional rights that are contained on that form? How about you Mr. Gilliam?

DEFENDANT: No sir.

COURT: It's my responsibility to advise you of some specific constitutional rights you have, on record, so that you understand these. You have a right to a trial, and have that trial be public, speedy and by jury…. Do you understand each and every one of these constitutional rights? Mr. Gilliam?

DEFENDANT: Yes sir.

COURT: Any questions over anything we've gone over so far, the charges that were filed, the statutes under which they were brought, potential penalties you face or your constitutional rights? Any questions, Mr. Gilliam?

DEFENDANT: No sir.

Tr. Vol. 2 at 5-6.

[4] The trial court scheduled a bench trial for October 11, 2017. After several continuances, the trial court scheduled a bench trial for January 29, 2019. On January 10, 2019, the State filed a motion to add a charge of class C misdemeanor illegal consumption of an alcoholic beverage, which the trial court granted. During Gilliam's initial hearing on the additional charge, he was given an identical Defendant's Rights form, which he initialed and signed. The trial court conducted an advisement of rights, during which the following colloquy took place:

COURT: Did you receive the advice of rights form, did you read it, initial it and sign it?

DEFENDANT: Yes sir.

COURT: Do you have any question about the constitutional rights contained on that form?

DEFENDANT: No sir.

COURT: Well it's my responsibility to advise you of some specific constitutional rights you have, on record, so that I can be sure you understand these. You have a right to a trial and have that trial be public, speedy and by jury…. Do you understand each and every one of these rights?

DEFEDANT: Yes sir.

Tr. Vol. 2 at 17-18.

Following a bench trial on March 29, 2019, the trial court found Gilliam guilty as charged and sentenced him to one year suspended to probation for the domestic battery and fourteen days as time served for the illegal consumption of alcohol. This appeal ensued.

## Discussion and Decision

Gilliam asserts that he did not knowingly waive his right to a jury trial because the trial court's advisements regarding that right were inadequate. The right to a jury trial in criminal prosecutions is guaranteed by both Article 1, Section 13 of the Indiana Constitution and the Sixth Amendment to the United States

Constitution. "In broad view, federal and Indiana constitutional jury trial rights guarantee the same general protection—a criminal defendant must receive a jury trial, unless he waives it." *State v. Bonds*, 94 N.E.3d 333, 336 (Ind. Ct. App. 2018) (quoting *Horton v. State*, 51 N.E.3d 1154, 1158 (Ind. 2016)), *trans. denied*. "The right to a jury trial in misdemeanor cases is not self-executing, but is controlled by Indiana Rule of Criminal Procedure 22." *Martinez v. State*, 82 N.E.3d 261, 264 (Ind. Ct. App. 2017), *trans. denied* (2018). Rule 22 provides in relevant part that

> [a] defendant charged with a misdemeanor may demand trial by jury by filing a written demand therefor not later than ten (10) days before his first scheduled trial date. The failure of a defendant to demand a trial by jury as required by this rule shall constitute a waiver by him of trial by jury unless the defendant has not had at least fifteen (15) days advance notice of his scheduled trial date and of the consequences of his failure to demand a trial by jury.

[7] Accordingly, in a misdemeanor case, a defendant waives the right to a jury trial when

> the record does not contain a timely request for a jury trial and establishes that the defendant: (1) was advised of the right to a jury trial; (2) had at least fifteen days advance notice of the trial date; (3) was advised of the need to file a written demand for a jury trial at least ten days before the first scheduled trial date and that failure to do so will result in waiver of the right; and (4) understood the advisements.

*Dadouch v. State*, 126 N.E.3d 802, 804 (Ind. 2019). "We note that [a] defendant may be advised of his rights in multiple ways. The court can orally inform him of his rights, … the defendant can be given a written advisement, … or the defendant can sign a written waiver and file it in open court." *Duncan v. State*, 975 N.E.2d 838, 843 (Ind. Ct. App. 2012).

[8] It is undisputed that Gilliam made no request for a jury trial. He concedes that he received and signed written advisements of his jury trial rights, which included an advisement as to the consequences of failing to file a written demand. Nevertheless, he maintains that he did not "knowingly" waive his right to a jury trial because the trial court's oral advisements were inadequate Appellant's Br. at 8-9. The record reflects that the trial court orally advised Gilliam twice of his right to a jury trial, and Gilliam fails to explain, let alone establish with citations to relevant legal authority, how the advisements were inadequate. Gilliam has waived this issue, and therefore we affirm. *See Cooper v. State,* 854 N.E.2d 831, 834 n.1 (Ind. 2006) (finding defendant's contention waived because it was "supported neither by cogent argument nor citation to authority").

[9] Affirmed.

Baker, J., and Kirsch, J., concur.