HICKS *v.* STATE OF INDIANA.

[No. 25,223. Filed May 26, 1927. Rehearing denied July 1, 1927.]

1. CRIMINAL LAW.—*Accused must be given every reasonable opportunity to procure a fair and impartial jury.*—Under the provision of §13, Art. 1, of the Constitution (§65 Burns 1926) that, in all criminal prosecutions, the accused shall have the right to a public trial by an impartial jury, he must be given every reasonable opportunity to procure a fair and impartial jury. p. 402.

2. CRIMINAL LAW.—*Section of Criminal Code providing that rules of practice "in civil actions" govern when no special provision therein construed.*—Section 344 of the Criminal Code (§2406 Burns 1926), providing that in all criminal cases, where no special provision was made therein, "the rules of pleading and practice in civil actions" shall govern so far as applicable, refers to the rules of pleading and practice declared by the Civil Code. p. 402.

3. CRIMINAL LAW.—*Examination of jurors on their voir dire.*—In the absence of a statute or rule of court to the contrary, the matter of which party shall first examine the prospective jurors on their *voir dire* is left to the sound judicial discretion of the judge trying the cause. p. 403.

4. CRIMINAL LAW.—*Requiring defendant to first examine jury not reversible error.*—The action of the court in requiring the defendant, charged with a capital offense, to first examine the jurors on their *voir dire* was not reversible error in the absence of any showing that he was injured or prejudiced thereby. p. 405.

From Marion Criminal Court (59,272); *James A. Collins*, Judge.

Roosevelt Hicks was convicted of murder in the first degree, and he appeals. *Affirmed.*

*Ira M. Holmes*, for appellant.

*Arthur L. Gilliom*, Attorney-General and *Edward J. Lennon, Jr.*, Deputy Attorney-General, for the State.

MYERS, J.—In the court below appellant was indicted, tried and convicted by a jury of the crime of murder in the first degree, and sentenced to suffer death. His motion for a new trial was overruled, and this ruling is assigned as error. The only causes relied on for a new trial may be combined, and this done, the question presented is: Did the court commit reversible error in requiring appellant, over his objection and exception, to first examine the jury on its *voir dire?*

As we understand appellant, he takes the position that the law will regard as prejudicial any affirmative burden the defendant is required to assume in a criminal case. The Constitution of this state, Art. 1, §13, known as the Bill of Rights, provides that: "In all criminal prosecutions the accused shall have the right to a public trial by an impartial jury. . . ." From such guarantee, it no doubt follows that the accused must be given every reasonable opportunity to procure a fair and impartial jury. He was charged with a capital offense and, by statute, given the right to challenge peremptorily twenty jurors. §2255 Burns 1926. The state is also given the same number of peremptory challenges. §2256 Burns 1926. We have no statute, as

do Missouri and New York, nor for aught appearing is there any rule of court fixing the order in which these challenges shall be exercised, or which of the parties to the action shall first proceed with such *voir dire* examination. But appellant insists that the well-established and recognized practice in civil cases is, that the party having the burden of the issue has the burden of first passing the jury, or to examine the jury first on its *voir dire,* although there is no provision in the Civil Code requiring it. Hence, it is claimed that the rule of practice in civil cases must be applied in criminal prosecutions, citing §2406 Burns 1926, wherein it is provided that: "In all criminal cases where no special provision has been made in this act, the rules of pleading and practice in civil actions shall govern, so far as applicable." Our answer to this contention is that this provision of the Criminal Code evidently refers to the rules of pleading and practice declared by the Civil Code, and since there is no provision in the Civil Code on this subject, reference thereto will not supply the omission in the Criminal Code to provide which of the paries shall first pass the jury.

In this connection, our attention is directed to the case of *Jones* v. *State* (1831), 2 Blackf. (Ind.) 475, 478, which seems to be the only case in this state where the question here presented has been before this court.

3.

In that case, it was said: "If this were a new question and we had it to settle, we should say that the state ought first to make her challenges; but as all the *English* authorities establish a different doctrine, and no *American* cases have been seen by us to authorize a different practice, we are bound for the present to sanction what the Circuit Court has done." This rule, reluctantly announced ninety-six years ago, has not, until now, been challenged in this court, nor does it appear to have received legislative attention. But since the decision in the Jones case, courts of last resort in a num-

ber of states have spoken upon this question. After carefully reading the opinions of those courts, we have drawn the conclusion that while there is some conflict, yet in the absence of a statute or rule of court to the contrary, the weight of authority leaves the order of challenging petit jurors to the sound judicial discretion of the judge trying the cause, and that such discretion will not be interfered with unless it is clearly made to appear that it has been abused. *Pointer* v. *United States* (1893), 151 U. S. 396, 14 Sup. Ct. 410, 38 L. Ed. 208; *Turpin* v. *State* (1880), 55 Md. 462; *State* v. *Pike* (1869), 49 N. H. 399, 6 Am. Rep. 533; *State* v. *Flint* (1888), 60 Vt. 304, 14 Atl. 178; *Johnson* v. *State* (1911), 88 Nebr. 565, 130 N. W. 282, Ann. Cas. 1912B 965; *Santry* v. *State* (1886), 67 Wis. 65, 30 N. W. 226; *State* v. *Pierce* (1859), 8 Iowa 231; *State* v. *Shelledy* (1859), 8 Iowa 477; *Schufflin* v. *State* (1870), 20 Ohio St. 233; *State* v. *Boatwright* (1857), 10 Rich. (S. C.) 407; *Nobles* v. *State* (1906), 127 Ga. 212, 56 S. E. 125; *Nicholson* v. *People* (1903), 31 Colo. 53, 71 Pac. 377; *State* v. *Ivey* (1874), 41 Texas 35; *Commonwealth* v. *White* (1911), 208 Mass. 202, 94 N. E. 391; *Commonwealth* v. *Piper* (1876), 120 Mass. 185.

Of the cases decided since the Jones case, appellant has called our attention to the cases of *Spigener* v. *State* (1878), 62 Ala. 383, and *Stewart* v. *State* (1853), 13 Ark. 720. The effect of these two decisions makes it the duty of the court to require the state first and then the defendant to accept or challenge a juror. In support of the holding in the Spigener case, *supra*, the court cited *Wilson* v. *State* (1858), 31 Ala. 371; *Lyman* v. *State* (1871), 45 Ala. 72, and *Murray* v. *State* (1872), 48 Ala. 675. These cases were cited because of the inference which the court drew from the language used, and not from what the court actually decided. However, in the case of *Whitesett* v. *Belue* (1911), 172 Ala. 256, 261, 54 So. 677, the court cited *Wilson* v. *State, supra,* as the

leading authority in support of the ruling: "As to the order in which the challenges were required to be presented, our statute has not prescribed any order, and the authorities are clear to the point that this is a matter resting in the sound discretion of the trial court, and will not be revised unless there has been an abuse of that discretion to the injury of the party complaining."

Returning to the instant case, and keeping in mind the command of the Constitution that the accused shall be entitled to an "impartial jury," then, in what respect was appellant prevented from having such a jury? Certainly there is no showing that the jury that tried this case was partial or unfair, or that appellant, through the action of the court, was induced or compelled to accept an unsatisfactory jury.

While this court may still be of the opinion that to require the state to speak first would be the procedure least objectionable, yet, without a showing that in consequence thereof the accused has been injured, no prejudicial error is exhibited authorizing a reversal of the judgment.

Judgment affirmed.