GRAVES *v.* STATE OF INDIANA.

[No. 26,004. Filed November 5, 1931.]

*William L. Slinkard,* for appellant.

*James M. Ogden,* Attorney-General, and *E. Burke Walker,* Deputy Attorney-General, for the State.

MARTIN, C. J. —Appellant was convicted of the crime of forging a check for $4.50 under §2946 Burns 1926, and sentenced to the Indiana Reformatory for an indeterminate period of not less than two nor more than 14 years. By proper assignments of error he attacks the sufficiency of the evidence to sustain the finding of guilty, and alleges that the trial court erred in refusing to grant him a trial by jury.

There is no evidence in the record that appellant wrote, made, or caused to be made, or that he indorsed the check, or that it was in his handwriting, or that he knew it was forged. The evidence is not sufficient to support the finding (even if the court had authority to try the defendant without a jury).

A request for a jury trial was filed by the defendant in the Clay Circuit Court on the day set for his trial. The request was sworn to and it stated that neither he nor his attorney, who lived in another county, had any knowledge until that day of a rule of the court requiring a defendant in a criminal case to make a request five days before trial for a jury. It alleged "that he demands his constitutional right to be tried in this case by a jury. . . . That he does not waive his right of trial by jury . . . and prays that the regular jury be brought in and impaneled to try this cause."

This appellant had the right to be tried by a jury. The Constitution of Indiana, §13, Art. I, §65 Burns 1926, provides that, "in all criminal prosecutions, the accused shall have the right to a public trial by an impartial jury in the county in which the offense shall have been committed." A statute, §2299

Burns 1926, provides that "the defendant and prosecuting attorney, with the assent of the court, may submit the trial to the court. All other trials must be by jury."

The circuit courts are required to "adopt rules for conducting the business therein not repugnant to the laws of this state," §1386 Burns 1926, but any rule which assumes to take away the right of a defendant in a criminal case to a jury trial is repugnant to the laws of the state. The appellee's brief very frankly and properly states that:

"The appellee can not sustain the rule because its provisions are not in the record. The appellee can not sustain the denial of a right granted by the Constitution and statute because there is nothing in the record to show that appellant demanded anything that was not within his rights conferred by law without a demand."

The judgment is reversed, with directions to submit the cause to a jury for trial.