Steven D. **TRIPP**, Appellant–Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 43A03–9909–CR–345.

Court of Appeals of Indiana.

June 19, 2000.

Robert J. Hardy, Thomas & Thomas, Waterloo, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Kostas A. Poulakidas, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

MATTINGLY, Judge

Steven D. Tripp brings this interlocutory appeal from the trial court's denial of his motion to dismiss Count II of the State's amended information and his motion for jury trial made after the information was amended to include the second count. He raises two issues for our review.

1) Did the trial court comply with the requirements of Ind.Code § 35–34–1–5 when it permitted the State to amend its information to add an additional count less than a month before trial; and

2) Did the trial court err by denying Tripp's written demand for a jury trial first made at the initial hearing on the new count?

Affirmed in part, reversed in part, and remanded for trial by jury.

## FACTS AND PROCEDURAL BACKGROUND

On August 2, 1998, Tripp was arrested and charged with operating a motor vehicle with a blood alcohol content greater than .10% (per se operating while intoxicated).[1] An initial hearing on this single count was held August 18, 1998 and a trial date was set for January 15, 1999. On January 11, 1999, Tripp requested, and the trial court granted, a continuance of the trial. A new trial date of June 10, 1999 was set.

On May 13, 1999, after the omnibus date[2] and twenty-eight days before trial, the State moved to amend the charging information to include an additional count of operating a motor vehicle while intoxicated.[3] The trial court granted the State's motion and Tripp was notified of the amendment.

At the initial hearing on the new count, originally scheduled for May 25, 1999 but continued at Tripp's request to June 1, 1999, Tripp filed a motion for a jury trial and requested the court continue the trial. The trial court denied Tripp's motion for a jury trial as being untimely but continued the trial until August 2, 1999.

On June 14, 1999, Tripp renewed his motion for a jury trial and additionally moved that the new count of driving while intoxicated be dismissed. The trial court

---

1. Ind.Code § 9–30–5–1.

2. The record does not indicate the omnibus date but by statute, the omnibus date that applies to persons charged with a misdemeanor "must be no earlier than thirty (30) days (unless the defendant and the prosecut-ing attorney agree to an earlier date), and no later than sixty-five (65) days, after the initial hearing." Ind.Code § 35–36–8–1. There is no mention of any agreement between Tripp and the prosecutor.

3. Ind.Code § 9–30–5–2.

heard arguments on June 30, 1999, took the matter under advisement, and granted the parties an opportunity to file post-hearing briefs. On July 26, 1999, the trial court denied Tripp's motion.

On August 2, 1999, Tripp filed a motion to dismiss Count I of the information and to certify for interlocutory appeal the issues of whether the information was properly amended to include a second count and whether the trial court erred by denying his request for a jury trial. The trial court granted Tripp's motion dismissing Count I of the information, leaving only the added Count II, and certifying the two issues for appeal. This court accepted jurisdiction on October 26, 1999 to consider these issues.

## DISCUSSION & DECISION

### 1. *Proper Amendment*

In criminal prosecutions, the charging information exists to guarantee the accused certain protections. *Taylor v. State,* 677 N.E.2d 56, 67 (Ind.Ct.App.1997). The charging information must state with particularity the date and location of the alleged offense as well as set forth the specific name of that offense, a citation to the statutory provision alleged to have been violated, and the elements of the offense charged. Ind.Code § 35–34–1–2. The purpose of the information is to apprise the accused of the nature of the accusation made so that preparations for mounting a defense can be made. *Wine v. State,* 637 N.E.2d 1369, 1375 (Ind.Ct.App.

1994). Additionally, the information provides a basis for a double jeopardy defense in the event of a subsequent prosecution. *Taylor,* 677 N.E.2d at 67.

An information may be amended pursuant to Ind.Code § 35–34–1–5 [4] as to matters of both form and substance. As a general rule, an information may not be amended so as to change the theory of the case or the identity of the offense charged. *Sides v. State,* 693 N.E.2d 1310, 1313 (Ind. 1998). However, an amendment that does not prejudice substantial rights of the defendant is permissible. These substantial rights include the right to notice and an opportunity to be heard and contest the amendment. *Davis v. State,* 714 N.E.2d 717, 721–22 (Ind.Ct.App.1999). For substantive amendments, the court shall grant a continuance, if requested, to allow the defendant adequate time to prepare for trial. *State v. Gullion,* 546 N.E.2d 121, 123 (Ind.Ct.App.1989).

The amendment of the information in this case to include an additional charge is one of substance as the change was essential to making a valid charge of the crime. *Gibson v. State,* 694 N.E.2d 748, 756 (Ind.Ct.App.1998), *aff'd in relevant part,* 702 N.E.2d 707 (Ind.1998). Such amendments are permissible provided the substantial rights noted above are not offended. *Davis,* 714 N.E.2d at 722. In this case, Tripp's substantial rights were not prejudiced by the amendment as he was given notice of the amended infor-

---

**4.** Ind.Code § 35–34–1–5 states in part relevant to our discussion:

(b) The indictment or information may be amended in matters of substance or form ... upon giving written notice to the defendant, at any time up to:

....

(2) fifteen (15) days if the defendant is charged with only one (1) or more misdemeanors;

before the omnibus date. When the information or indictment is amended, it shall be signed by the prosecuting attorney.

(c) Upon motion of the prosecuting attorney, the court may, at any time before, during, or after the trial, permit an amend-

ment to the indictment or information in respect to any defect, imperfection, or omission in form which does not prejudice the substantial rights of the defendant.

(d) Before amendment of any indictment or information other than amendment as provided in subsection (b) of this section, the court shall give all parties adequate notice of the intended amendment and an opportunity to be heard. Upon permitting such amendment, the court shall, upon motion by the defendant, order any continuance of the proceedings which may be necessary to accord the defendant adequate opportunity to prepare his defense.

mation, he was given an opportunity to challenge the amendment, and the trial court continued the trial to give Tripp adequate time to prepare his defense to the new charge.

By inviting the parties to submit briefs and by hearing arguments, the trial court gave Tripp an opportunity to contest the amended information. The trial court acted in a manner sufficient to satisfy the controlling statute and relevant case law. In *Davis v. State,* 580 N.E.2d 326 (Ind.Ct. App.1991) we stated the trial court need not "set a hearing in every instance that an information is sought to be amended after … the omnibus date…. Rather, the requirement of an 'opportunity to be heard' is satisfied when the defendant is given adequate time to object and request a hearing after proper notice." *Id.* at 328. In the more recent *Davis,* 714 N.E.2d at 720, we found the defendant had an opportunity to be heard on an amended information granted by the trial court the same day it was offered by the State when the defendant had more than six months before trial to object.

■ Tripp has not met his burden of proving that his substantial rights were prejudiced by the amendment. *See Wright v. State,* 690 N.E.2d 1098, 1104 (Ind.1997). *See also Davis,* 714 N.E.2d at 722. As our supreme court observed in *Sides,* 693 N.E.2d at 1313, "[u]ltimately, the question is whether the defendant had a reasonable opportunity to prepare for and defend against the charges." Tripp had the opportunity to be heard on the amended charge and the trial court afforded him additional time to prepare his defense.

2. *Proper Request for a Jury Trial*

■ Article I, Section 13 of the Indiana Constitution provides, "In all criminal prosecutions, the accused shall have the right to a public trial, by an impartial jury." This provision guarantees the right to a jury trial without distinction between felonies and misdemeanors. *Gillespie v. Gilmore,* 159 Ind.App. 449, 451, 307

N.E.2d 480, 482 (1974). Nevertheless, misdemeanor charges, governed by Ind. Crim. Rule 22, are tried to the bench unless the defendant demands a jury trial in a timely fashion. *Stevens v. State,* 689 N.E.2d 487, 489 (Ind.Ct.App.1997). Specifically, the rule provides:

A defendant charged with a misdemeanor may demand trial by jury by filing a written demand therefor not later than ten (10) days before his first scheduled trial date. The failure of a defendant to demand a trial by jury as required by this rule shall constitute a waiver by him of trial by jury unless the defendant has not had at least fifteen (15) days advance notice of his scheduled trial date and of the consequences of his failure to demand a trial by jury.

The trial court shall not grant a demand for a trial by jury filed after the time fixed has elapsed except upon the written agreement of the state and defendant, which agreement shall be filed with the court and made a part of the record. If such agreement is filed, then the trial court may, in its discretion, grant a trial by jury.

Crim. R. 22.

Because the right to a jury trial is of "fundamental dimension," *Stevens,* 689 N.E.2d at 489, an "accused must be given every reasonable opportunity to procure a fair and impartial jury." *Hicks v. State,* 199 Ind. 401, 402, 156 N.E. 548, 548 (1927). "While Criminal Rule 22 alters the manner of preserving the right to a jury trial in misdemeanor cases, the rule cannot diminish [the defendant's] fundamental right." *Stevens,* 689 N.E.2d at 489; *see also State ex rel. Rose v. Hoffman,* 227 Ind. 256, 260, 85 N.E.2d 486, 487–88 (1949) (quoting *Graves v. State,* 203 Ind. 1, 178 N.E. 233 (1931) for proposition that "any rule which assumes to take away the right of a defendant in a criminal case to a jury trial is repugnant to the laws of the state").

■ As the right to a trial by jury is "an essential element of a criminal defendant's right to due process of law," *Williams v. State,* 159 Ind.App. 470, 474,

307 N.E.2d 880, 882–83 (1974), we cannot read Crim. R. 22 to limit a defendant's ability to request a jury trial in a situation such as this faced by Tripp. Instead, the proper approach in a case such as this, where a trial court approves a substantive amendment that adds an additional count and holds another initial hearing during which the defendant is informed anew of his right to a jury trial, would be to permit the defendant to reevaluate his jury trial decision in light of the newly added charge. That way, the defendant can examine his defenses, his perceived chances in a jury trial versus a bench trial, and any other relevant considerations before deciding whether he wants a jury trial. In essence, the Crim. R. 22 "clock" should be reset in cases like the one before us.

 Applying the aforementioned approach here, we conclude that Tripp's request for a jury trial was timely. The State originally charged Tripp in August of 1998, but did not move to amend the information to add the new count until May 13, 1999—long after Tripp's first scheduled trial date and less than a month before the June 10, 1999 trial. On June 1, 1999, nine days before trial, the court held an initial hearing on the newly added operating while intoxicated count. At that hearing, though Tripp was informed once more of his right to a jury trial, this time in reference to the new charge, the trial court denied as untimely his attempt to exercise that right. Tripp, it seems, was expected to make his decision regarding whether he wanted a jury trial *prior* to his initial hearing on the new count.

Tripp attempted to invoke his right to a jury trial at his first opportunity: the June 1, 1999 initial hearing. Though Crim. R. 22 requires requests to be made no later than ten days before trial and Tripp made his only nine days prior, he was not afforded fifteen days notice of the trial on this entirely new count. The trial court erred in denying Tripp's request for a jury trial.

## CONCLUSION

The trial court complied with Ind.Code § 35–34–1–5 when it permitted the State to amend its information in order to add an additional count. Tripp was not prejudiced by the amendment as he was given notice of the amendment, an opportunity to be heard and contest the amendment, and additional time to prepare for trial. However, the trial court did err by denying Tripp's request for a jury trial made after the information was amended to add a second count. A substantive amendment to an information that adds a new count does, for Crim. R. 22 purposes, reset the clock.

On remand we instruct the trial court to afford Tripp a trial by jury and to conduct any other proceeding consistent with this opinion.

Affirmed in part, reversed in part, and remanded for trial by jury.

BAILEY, J., and BROOK, J., concur.