**Russell Lee PREWITT, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 10A05–0106–CR–256.**

Court of Appeals of Indiana.

Jan. 14, 2002.

---

Jeffrey D. Stonebraker, Chief Public Defender, Jeffersonville, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Nandita G. Shepherd, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

ROBB, Judge.

Russell Lee Prewitt was found guilty by a jury of conspiracy to possess cocaine, a Class B felony, and attempted possession of cocaine, a Class C felony. He was convicted and sentenced to sixteen years incarceration for the attempted possession count.[1] He now appeals. We affirm.

### Issues

Prewitt raises five issues for our review, which we restate as follows:

1. Whether the trial court properly allowed the State to amend the charging information eight months after the omnibus date;

2. Whether the trial court properly admitted evidence of prior uncharged misconduct;

3. Whether the trial court properly allowed police testimony regarding why they were undercover at the location where Prewitt was arrested;

4. Whether Prewitt was properly charged with attempted possession as a Class B felony for being within 1,000 feet of a family housing complex when the offense occurred; and

5. Whether there was sufficient evidence to convict Prewitt of attempted possession of cocaine.

### Facts and Procedural History

Late one evening, Prewitt and his brother's fiancée, Charlotte Cooper, loaded Cooper's van with steaks and cigarettes that they hoped to trade for drugs. They drove to the Greenwood Apartments, a public housing complex in Jeffersonville, Indiana. There, they saw a man standing in the doorway of an apartment. The man was an undercover police officer, Trooper Shaun Hannon. Cooper parked the van and Prewitt walked to the apartment and spoke to Hannon, asking if he could trade merchandise for crack cocaine. Hannon went into the apartment alone, and told Sergeant Myron Wilkerson and Detective Leslie Kavanaugh, who were inside, that a man was outside asking for cocaine. Wilkerson and Kavanaugh went to the door, where Prewitt indicated that he wanted to trade meat and cigarettes for cocaine. The two followed Prewitt back to the van, and when Cooper began showing them the merchandise, Kavanaugh identified himself and arrested both Cooper and Prewitt.

Prewitt was originally charged with conspiracy to possess cocaine, a Class C felony. The information was eventually amended to include two counts: one count of conspiracy to possess cocaine as a Class B felony for being within 1,000 feet of a family housing unit, and one count of attempted possession of cocaine as a Class B felony, also for being within 1,000 feet of a family housing unit. A jury found Prewitt guilty of both charges; however, the conspiracy verdict was later vacated by the trial court. Prewitt now appeals. Additional facts will be provided as necessary.

### Discussion and Decision

#### I. Late Amendment of Information

■ Prewitt contends that the trial court erred when it allowed the State to amend the charging information to add an additional count eight months after the

---

1. The trial court did not enter a judgment of conviction or sentence for the conspiracy verdict, but instead vacated that verdict.

omnibus date and two weeks prior to a scheduled trial date.

Prewitt was charged with conspiracy to possess cocaine as a Class C felony on January 25, 2000. On January 26, 2000, an initial hearing was held and a jury trial was scheduled for May 23, 2000. March 14, 2000, was set as the omnibus date. Prewitt's trial was twice continued and eventually set for November 28, 2000. On November 15, 2000, the State filed a motion to amend the information, seeking to add Count II, attempted possession of cocaine as a Class C felony pursuant to Indiana Code section 35–34–1–5(c). A hearing on the State's motion was held on November 22, 2000, at the conclusion of which, the State's motion was granted, the amended information was filed, and an initial hearing was held on Count II. On November 27, 2000, the parties met for a final pre-trial conference and the State orally moved to again amend the information. The substance of the charges was not changed by this second amendment; however, the charges were elevated from Class C felonies to Class B felonies due to the proximity to a family housing unit. The trial scheduled for the next day was continued at Prewitt's request. A hearing was held on December 6, 2000 on the State's request to amend the charges. Prewitt objected. After several more continuances, Prewitt's trial on the two Class B felony counts commenced on January 16, 2001.

At the hearing on November 27, 2000,[2] the State summarized its motion as follows:

> The original Information had been a Conspiracy to Possess Cocaine as a Class D[3] Felony. The Amendment if the Court allows it will be based upon the very same fact circumstances. We're not alleging new facts. We are simply alleging that as an alternative [to] the Conspiracy conviction ... the Jury could also find that it legally fits the definition of an Attempt crime under the Indiana Statute.

[November 27, 2000] Hearing Transcript at 2. Prewitt objected to the filing of the Amended Information "based on the Defendant's [r]ights to a[sic] fair notice of the charges against him in a manner that gives him [time] to prepare for his trial.... [T]his does not give him more than just approximately one week or less [before trial]." *Id.* at 3. Prewitt did concede that Count II alleged "the same set of facts." *Id.* at 3–4. The Court allowed the amendment.

Indiana Code section 35–34–1–5 governs the amendment of informations. In relevant part, the statute provides as follows:

> (b) The indictment or information may be amended in matters of substance or form ... by the prosecuting attorney,

---

**2.** The supplemental transcript which Prewitt submitted of the hearing at which the State's motion to amend the information to include Count II indicates that it is a transcript of a hearing held December 6, 2000. However, it is apparent from the other pleadings and the context of the hearing itself that the transcript is actually from the hearing held November 27, 2000. For one thing, Nicole Phillips represented Prewitt at the November hearing but her appearance had been withdrawn and Prewitt represented himself at the December hearing; the transcript we have shows Ms. Phillips appearing for Prewitt. For another, the December hearing was in regard to the State's request to amend the charges from Class C felonies to Class B felonies; the transcript we have is clearly in regard to the State's request to add Count II. We assume that the labeling of the transcript as the record of proceedings had on December 6, 2000 is merely a typographical error.

**3.** The actual charge was conspiracy to possess cocaine as a Class C felony.

upon giving written notice to the defendant, at any time up to:

(1) thirty (30) days if the defendant is charged with a felony. . . .before the omnibus date. . . .

(c) Upon motion of the prosecuting attorney, the court may, at any time before, during, or after the trial, permit an amendment to the indictment or information in respect to any defect, imperfection, or omission in form which does not prejudice the substantial rights of the defendant.

(d) Before amendment of any indictment or information other than amendment as provided in subsection (b) of this section, the court shall give all parties adequate notice of the intended amendment and an opportunity to be heard. Upon permitting such amendment, the court shall, upon motion by the defendant, order any continuance of the proceedings which may be necessary to accord the defendant adequate opportunity to prepare his defense.

 An information may be amended pursuant to this section as to matters of both form and substance. *Tripp v. State*, 729 N.E.2d 1061, 1064 (Ind.Ct.App.2000). As a general rule, an information may not be amended to change the theory of the case or the identity of the charged offense. *Sides v. State*, 693 N.E.2d 1310, 1313 (Ind. 1998). However, an amendment that does not prejudice the defendant's substantial rights, including the right to notice and an opportunity to be heard, is permissible. *Tripp*, 729 N.E.2d at 1064.

In *Tripp v. State*, the defendant was charged with operating a motor vehicle with a blood alcohol content greater than .10%. After the omnibus date and twenty-eight days before trial, the State moved to amend the charging information to add a count of operating a motor vehicle while intoxicated. The trial court granted the State's motion and the defendant was notified of the amendment. This court held that the amendment was proper. 729 N.E.2d at 1064–65. The trial court invited the parties to submit briefs and it heard argument regarding the amendment. Thus, the defendant was notified of the amended information and given an opportunity to challenge the amendment. Moreover, the trial court continued the trial at the defendant's request in order to give him adequate time to prepare his defense to the newly added charge. Accordingly, the defendant failed to meet his burden of proving that his substantial rights were prejudiced by the late amendment. *Id.* at 1065.

*Tripp* is similar to the case herein. Here, Prewitt was afforded notice of the proposed amendment and an opportunity to be heard at a hearing prior to the trial court allowing the amendment. At the hearing, Prewitt conceded that the facts supporting the new charge were the same facts supporting the original charge. Although he noted the short time between the proposed amendment and the date for trial, he did not move for a continuance[4] at

---

4. We note that in several cases construing subsection (e) of Indiana Code section 35–34–1–5, which concerns the amendment of an information to add an habitual offender charge, it has been stated that the defendant must move for a continuance when the trial court allows the late filing of an habitual offender charge or any allegation of error is waived. *See Williams v. State*, 735 N.E.2d 785, 789 (Ind.2000); *Haymaker v. State*, 667 N.E.2d 1113, 1114 (Ind.1996); *Daniel v. State*, 526 N.E.2d 1157 (Ind.1988); *Mitchell v. State*, 712 N.E.2d 1050 (Ind.Ct.App.1999). The State contends that Prewitt's failure to request a continuance herein also constitutes waiver. However, because each of those cases is specific to subsection (e) and the filing of habitual offender charges, circumstances not applicable herein, we decline to decide this issue on the basis of waiver.

that time[5] or allege in any way that he would be unable to prepare an adequate defense to the additional charge within the allotted time. Ultimately, the trial was continued for other reasons, and Prewitt was afforded nearly two more months to prepare. Under these circumstances, we hold that Prewitt has failed to demonstrate that his substantial rights were affected. The trial court did not err in allowing the State to amend the charging information to include Count II, attempted possession of cocaine.

## II. Admission of Evidence

### A. Standard of Review

■ Our standard of review in this area is well-settled. The admission of evidence is within the sound discretion of the trial court, and the decision whether to admit evidence will not be reversed absent a showing of manifest abuse of the trial court's discretion resulting in the denial of a fair trial. *Berry v. State*, 725 N.E.2d 939, 942 (Ind.Ct.App.2000). An abuse of discretion involves a decision that is clearly against the logic and effect of the facts and circumstances before the court. *Gibson v. State*, 733 N.E.2d 945, 951 (Ind.Ct.App. 2000). In determining the admissibility of evidence, the reviewing court will only consider the evidence in favor of the trial court's ruling and any unrefuted evidence in the defendant's favor. *Berry*, 725 N.E.2d at 942.

### B. Prior Uncharged Misconduct

■ Prewitt contends that the trial court erred in allowing testimony regarding a prior occasion on which he and Cooper had traded merchandise for drugs in the Greenwood Apartment complex. Evidence Rule 404(b) provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . .

When the State attempts to introduce evidence of a defendant's other crimes, wrongs, or acts, the trial court must perform a two-part inquiry: first, the court must determine whether the prior bad act evidence is relevant to a matter at issue other than the defendant's propensity to commit the charged act. *Hicks v. State*, 690 N.E.2d 215, 221 (Ind.1997). When inquiring into relevance, the court may consider any factor it would ordinarily consider under Evidence Rule 402, including the similarity and proximity in time of the prior bad act to the charged conduct, and will presumably include tying the act to the defendant. *Id.* If the evidence is offered only to produce the "forbidden inference" that the defendant had engaged in other, uncharged misconduct and that the charged conduct was in conformity with the uncharged misconduct, then the evidence is inadmissible. *Id.* at 219. If, however, the evidence passes the first hurdle, the court must then balance the probative value of the evidence against its prejudicial effect pursuant to Rule 403. *Id.* at 221. The trial court has wide latitude in weighing these factors, and its ruling will be reviewed only for an abuse of discretion. *Crain v. State*, 736 N.E.2d 1223, 1235 (Ind. 2000).

In this case, the State indicated that it wished to offer evidence during Cooper's

---

**5.** Prewitt did not move for a continuance of the November 28, 2000 trial at the November 22, 2000, hearing at which the State initially moved to amend the information. Nonetheless, Prewitt obtained a continuance of the November 28 trial at a later hearing after the State had again moved to amend the information. A later trial date was also continued.

testimony that she and Prewitt had gone to the Greenwood Apartments approximately three weeks prior to this incident and had exchanged a car radio for cocaine. Prewitt objected. The State contended that the evidence was admissible pursuant to Rule 404(b)'s exception for proof of intent because it believed that part of Prewitt's defense would be that he was too intoxicated at the time of the incident to formulate the intent to engage in a conspiracy and attempt to possess cocaine. The State further believed that the evidence was relevant to show a common scheme or plan. The trial court allowed the State to proffer its evidence:

> First of all, I do think it's relevant. Second of all, when we get to the balancing test, I think there are some questions we have to (INDISCERNIBLE) so the Court can balance. There is no doubt that the information is prejudicial, but, that's why the State's presenting it. . . . [T]he question is, there are certain things under 404 B that the State has to allege. And they have talked about intent. They have talked about plan. . . . So let's go ahead and proffer what the testimony would be.

Transcript at 47–48. After Cooper testified, the court stated:

> Well, taking a look at 404 B, and the State's already indicated why they intended to offer it. And it appears to this Court that it is evidence of intent or plan, and that while it is prejudicial for the Defendant, it is of assistance to the trier of fact. . . . So [the] Court's going to allow this testimony over the objection of [the] Defense.

Transcript at 52. The jury was returned to the courtroom and Cooper testified to the events occurring several weeks prior to this incident.

Prewitt was expected to and did in fact argue that he was intoxicated at the time of the incident and was unable to formulate the requisite mens rea to complete the crimes with which he was charged. He cross-examined Cooper regarding his intoxication on the night of the crimes. The intent exception to Rule 404(b) is available when a defendant goes beyond merely denying the charged culpability and affirmatively presents a claim of contrary intent, whether in opening statement, cross-examination, or presentation of his own case-in-chief. *Wickizer v. State*, 626 N.E.2d 795, 799 (Ind.1993). Prewitt's assertion that his intoxication impaired his ability to form the requisite intent to commit the charged offenses went beyond a mere denial of culpability and instead represented an affirmative assertion of contrary intent. The trial court did not err in concluding that the evidence was relevant.[6] Moreover, the trial court acknowledged the prejudicial nature of the evidence and nonetheless determined that the probative value outweighed that prejudice. We cannot say that this determination was an abuse of the trial court's discretion. Therefore, we hold that there was no error in the admission of the prior bad act evidence.

### C. Police Testimony

Prewitt also alleges error in the admission of police testimony regarding why they were at the Greenwood Apartments on the night of the incident. The police were at the apartment complex and at that specific apartment because they had, earlier that evening, arrested the

---

6. We note that Prewitt concedes in his appellate brief that the evidence "may have had some marginal relevance on the element of intent. . . ." Brief of Appellant at 14. He goes on to assert that, even if relevant, the prejudicial effect of the evidence outweighed its probative value. *Id.*

apartment's residents for dealing in cocaine, possession of cocaine, and possession of paraphernalia. They were at the apartment collecting evidence when Prewitt approached Trooper Hannon outside the apartment. Prewitt filed a pre-trial motion in limine seeking to prohibit or limit testimony regarding this earlier unrelated incident. The State argued that the evidence was relevant on the issue of intent, because Prewitt had approached the very apartment from which it was alleged drugs were being sold. Prewitt suggested that the testimony, if allowed, be limited, and the State indicated that it did not wish to introduce extensive evidence regarding the unrelated arrests. The court then stated:

> Court finds that it is relevant from a practical standpoint to explain why the police were there and the fact that there were prior arrests made for Dealing and Possession of Cocaine. Now, so I would allow the [unrelated] arrest in. How far the State goes depends on what's relevant and then balancing that with what's overly prejudicial to the Defendant.
>
> * * *
>
> Then the Court at this time will deny the Defendant's Motion In Limine as to the [unrelated] arrest but could see that somewhere in the future there might be something that's overly prejudicial, so basically we'll handle that as we go along.

January 12, 2001 Hearing Transcript at 21–22. Prewitt acknowledges that at the time the unrelated arrest testimony was given during his trial, he did not object to the testimony. A ruling on a motion in limine does not determine the ultimate admissibility of evidence; that determination must be made by the trial court in the context of the trial itself. *Godby v. State*, 736 N.E.2d 252, 255 (Ind.2000), *reh'g denied.* Therefore, the defendant must

make a contemporaneous objection at the time the evidence is offered. A contemporaneous objection allows the trial court an opportunity to make a final ruling on the matter in the context in which the evidence is introduced. *Wise v. State*, 719 N.E.2d 1192, 1197 (Ind.1999). A party's failure to make a contemporaneous objection to evidence offered at trial precludes later appellate review of its admissibility. *Godby*, 736 N.E.2d at 255.

In order to avoid waiver of this issue, Prewitt alleges that the trial court's error in allowing the evidence constituted fundamental error. In order to qualify as fundamental error, an error must be so prejudicial to the rights of the defendant as to make a fair trial impossible. To qualify as fundamental error, an error must be a clear and substantial blatant violation of basic and elementary principles that renders a proceeding unfair. *Sauerheber v. State*, 698 N.E.2d 796, 804 (Ind. 1998). In determining whether an alleged error rendered a judicial proceeding unfair, we must consider whether the resulting harm or potential for harm is substantial. *Myers v. State*, 718 N.E.2d 783, 790 (Ind.Ct.App.1999). We look to the totality of the circumstances and decide whether the error had a substantial influence upon the outcome. *Id.*

Prewitt does not contend that the introduction of evidence of the unrelated arrests was error. Rather, he argues that the repetition of the evidence through the testimony of the three police officers who were present in the apartment and participated in Prewitt's arrest rendered the proceeding unfair. He has meticulously documented in his brief each passage of testimony which concerns the unrelated arrest and the reason for the police presence at the apartment. *See* Brief of Appellant at 38–42. Trooper Hannon briefly described on di-

rect examination the reason for his presence at the apartment. Sergeant Wilkerson also briefly described on direct the reason for his presence, and then reiterated that reason under questions from Prewitt on cross examination. Detective Kavanaugh gave a more detailed account on direct of the reason for his presence. He also elaborated on those reasons during cross. The evidence was clearly relevant, and at least part of the complained of testimony was elicited on cross examination by Prewitt himself. The testimony demonstrated, in Prewitt's favor, that the officers were not present at the complex because of Prewitt. Moreover, the remainder of the evidence against Prewitt was such that any unnecessary repetition of this particular testimony did not render the proceeding unfair. Prewitt has not demonstrated fundamental error in the admission of this evidence.

### III. Offense Enhancement

Prewitt also contends that the charge of attempted possession of cocaine could not be elevated from a Class D felony to a Class B felony due to the fact that the offense occurred in a family housing complex.

Indiana Code section 35–48–4–6 provides:

(a) A person who, without a valid prescription or order of a practitioner acting in the course of the practitioner's professional practice, knowingly or intentionally possesses cocaine (pure or adulterated) ... commits possession of cocaine ..., a Class D felony, except as provided in subsection (b).

(b) The offense is:

* * *

(2) a Class B felony if the person in possession of the cocaine ... possesses less than three (3) grams of pure or adulterated cocaine ... :

* * *

(B) in, on, or within one thousand (1,000) feet of:

* * *

(iii) a family housing complex. . . .

Ind.Code § 35–48–4–6(a), (b)(2)(B)(iii). Indiana Code section 35–41–5–1 provides that "[a] person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime. An attempt to commit a crime is a felony or misdemeanor of the same class as the crime attempted." Ind.Code § 35–41–5–1(a). Prewitt contends that "while Indiana's attempt statute is specifically designed to punish intent and not an act, the enhancement provisions of the possession of cocaine statute punish only the act and disregard intent completely." Brief of Appellant at 18. Thus, Prewitt contends, it is improper to enhance an attempt based upon location alone.

In *Williford v. State,* 571 N.E.2d 310 (Ind.Ct.App.1991), *trans. denied,* the defendant contended that the marijuana dealing statute required proof by the State that the prohibited activity was knowingly or intentionally conducted within 1,000 feet of school property. This court held otherwise: "[a]lthough it is incumbent upon the State to prove that a defendant knowingly or intentionally delivered marijuana in order to secure a conviction for dealing, the offense constitutes a Class C felony if the State shows that the delivery occurred within one thousand feet of school property, regardless of whether the defendant knew that he was within the 'drug-free zone.'" *Id.* at 312–13. In *Walker v. State,* our supreme court reiterated that the enhancement of a dealing charge is a strict liability enhancement and proof that the defendant had actual knowledge that the sale was occurring within 1,000 feet of a

school is unnecessary. 668 N.E.2d 243, 243 (Ind.1996).

Although neither of these cases is directly on point, and we can find no Indiana case that is directly on point, the conclusion reached in those cases informs our decision herein. In *Williford,* this court stated: "our statute does not allow a conviction for innocent conduct. *Mens rea* must be proven for a conviction for dealing; however, the penalty may be enhanced upon a showing of additional facts without proof of knowledge of those facts." 571 N.E.2d at 313. Likewise, in this case, Prewitt was not charged with and convicted of attempted innocent conduct. He was not charged with attempting to be within 1,000 feet of a family housing project. Rather, he was charged with attempting to knowingly or intentionally possess cocaine, in violation of the statute. That the attempt occurred within a legislatively-declared "drug-free zone" is a fact which only serves to elevate the seriousness of the crime and the penalty. Prewitt contends that the attempt statute applies only to specific intent crimes. We have no disagreement with that general assertion. *See Goolsby v. State,* 517 N.E.2d 54, 62 (Ind.1987) ("[W]e have clearly held that our attempt statute can have application only to specific intent crimes...."). However, contrary to Prewitt's assertion that the "enhancement based on location does not ... require a specific intent," Brief of Appellant at 19, the substantive crime which Prewitt was charged of attempting, possession of cocaine within 1,000 feet of a family housing project, *does* require specific intent: the intent to possess cocaine.

Based upon the foregoing discussion, we reject Prewitt's contention that he could not be charged with and convicted of an attempt to commit the enhanced offense of possession of cocaine within 1,000 feet of a family housing project.[7] We hold that, assuming the State otherwise proves the required culpability for the substantive crime, a conviction can be sustained for an attempt to commit the enhanced crime.

## IV. Sufficiency of the Evidence

Finally, Prewitt contends that the State did not present sufficient evidence to support his conviction of attempted possession of cocaine within 1,000 feet of a family housing project.

### A. Standard of Review

When reviewing a challenge to the sufficiency of the evidence, this court neither reweighs the evidence nor judges the credibility of the witnesses. *Sanders v. State,* 704 N.E.2d 119, 123 (Ind.1999). We consider only the evidence most favorable to the judgment, as well as all reasonable inferences to be drawn therefrom. *Id.* If the evidence and inferences provide substantial evidence of probative value to support the verdict, we must affirm. *Id.*

### B. Evidence of Attempt to Possess Cocaine

In order to prove an attempt, the State must present evidence establishing that: (1) the defendant acted with the

7. We do note, however, that in this particular case, both the charging information and the proof at trial showed that not only did Prewitt intend to possess cocaine within 1,000 feet of a family housing complex, but that the substantial step toward completion of the crime also occurred within 1,000 feet of the family housing complex. We can envision different circumstances in which the location enhancement of an attempt charge might not be appropriate. For instance, if the substantial step alleged in the information was that Prewitt loaded merchandise into the van with the intent to make a deal for drugs at the family housing complex, but he never made it to the complex, then a location enhancement might not be appropriate.

specific intent to commit the crime; and (2) he engaged in an overt act constituting a substantial step toward the commission of the crime. *State v. Anderson*, 751 N.E.2d 714, 717 (Ind.Ct.App.2001). Prewitt challenges the sufficiency of the evidence that he took a substantial step toward the commission of the crime.

The evidence most favorable to the verdict demonstrates that Prewitt approached Trooper Hannon outside an apartment at the Greenwood Apartments and "mentioned something about buying some dope or making a trade for some dope." Transcript at 107. Trooper Hannon stepped into the apartment and asked Sergeant Wilkerson and Detective Kavanaugh to deal with Prewitt. Prewitt indicated that he was looking for "rock," or crack cocaine, and also indicated that he had merchandise in his van to trade for the cocaine. The officers followed Prewitt to Cooper's van, and Prewitt asked "if he could get a piece, or some rock . . . ," transcript at 138, and displayed cigarettes and a large quantity of meat for trade.

▆▆▆ What constitutes a "substantial step" toward the commission of a crime is dependent upon the facts of each case, but the requirement is a minimal one and is often defined as any overt act in furtherance of the crime. *Neuhoff v. State*, 708 N.E.2d 889, 893 (Ind.Ct.App.1999). The determination of what constitutes a substantial step is left to the province of the jury. *Id.* Based upon the facts as outlined above, the jury could have determined that Prewitt engaged in a substantial step toward the commission of possession of cocaine. He approached an apartment known for drug activity and indicated that he wished to buy cocaine. He brought the officers to the van and displayed the merchandise that he was willing to trade to pay for the cocaine. Prewitt contends that only if he had actually given the officers the merchandise would he have committed a substantial step toward the crime. However, under the standard for what constitutes a substantial step, we believe that the request and offer to trade was more than sufficient evidence of a substantial step toward possession of cocaine.

### Conclusion

▆▆▆ The late amendment of the information was permissible in that Prewitt's substantial rights were not prejudiced. The trial court did not abuse its discretion in allowing evidence of relevant prior uncharged misconduct by Prewitt, nor did the court commit fundamental error in allowing testimony regarding the reasons for the police presence at the Greenwood Apartments the night of Prewitt's arrest. It is permissible to convict a person of an attempt to commit an elevated drug offense because the "specific intent" requirement of the attempt statute goes to the intent to commit the base crime. Finally, there was sufficient evidence that Prewitt committed a substantial step toward the possession of cocaine. His convictions are affirmed.

Affirmed.

KIRSCH, J., and SULLIVAN, J., concur.