Thomas JONES, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A05–0604–CR–211.

Court of Appeals of Indiana.

March 27, 2007.

---

drove through The Meadows.

2. The designated evidence does not indicate that Guardado violated any traffic laws as he

David Becsey, Zeigler Cohen & Koch, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ann L. Goodwin, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

Appellant–Defendant Thomas Jones ("Jones") appeals his conviction for Class D felony possession of a narcotic drug in Marion Superior Court following a bench trial. On appeal, Jones asserts that the trial court erred by allowing the State to amend the charging information one week before trial. Concluding that the trial court did not err, we affirm.

### Facts and Procedural History

The facts most favorable to the conviction reveal that on July 7, 2004, a police officer observed Jones sitting on the passenger side of a car parked along the sidewalk in Indianapolis, Indiana. The officer further observed that Jones had a cellophane baggie on his lap, which the officer suspected contained cocaine. When the police officer shone his flashlight into the car, Jones quickly removed the baggie from his lap and hid it between the car's seat and its center console. Jones was directed to exit the car, and upon doing so, the police officer noticed the smell of an alcoholic beverage on Jones's breath. The officer also observed that Jones's eyes were red and bloodshot. Jones was arrested for public intoxication.

When the officer subsequently searched Jones's car, he retrieved a cellophane baggie from the area between the seat and center console that contained a substance which appeared to be crack cocaine. Tr. pp. 14–15. A preliminary laboratory report issued on July 8, 2004, indicated that the substance in the baggie was cocaine. Appellant's App. p. 21.

On July 8, 2004, the State charged Jones with Class D felony possession of cocaine pursuant to Indiana Code section 35–48–4–6 (2004 & Supp.2006). On July 13, 2004, a second laboratory report positively identified the substance in the baggie as .5182 grams of heroin. Ex. Vol., State's Ex. 1. On July 23, 2004, the trial court entered an order directing the parties to comply with its rules of automatic discovery. Appellant's App. p. 5. On March 15, 2006, the State filed a request to amend the information to charge Jones with Class D felony possession of a narcotic, namely heroin. *Id.* at 36–37. The trial court granted the State's motion on the same day. Jones neither filed an objection to the amendment nor requested a continuance.

On March 20, 2006, Jones's bench trial commenced; and, Jones, for the first time, objected to the trial court's order granting the State's motion to amend. Tr. p. 4. However, Jones failed to state the grounds for his objection and failed to request a continuance. *Id.* The trial court overruled Jones's objection. At the conclusion of his trial, Jones was found guilty of possession of heroin and was sentenced to 178 days in the Marion County Jail. Jones served eighty-nine days prior to sentencing and was credited with eighty-nine days of good time credit; so, Jones's sentence was ruled time served. *Id.* at 25. This appeal ensued.

### Discussion and Decision

Jones asserts on appeal that the trial court erred in granting the State's motion to amend the charging information. Specifically, Jones argues that "[t]he legislature has established the boundaries [for] amending the charging information" and that the State's motion to amend was "filed outside the limits proscribed by statute[.]" Br. of Appellant at 3–4. Jones further asserts, without cogent argument or citation to authority, that his "substantive

rights were impaired by the State's tardy actions in this case." *Id.* at 3. We disagree.

In criminal prosecutions, the charging information exists to guarantee the accused certain protections. The charging information must state with particularity the date and location of the alleged offense as well as set forth the specific name of that offense, a citation to the statutory provision alleged to have been violated, and the elements of the offense charged. The purpose of the information is to apprise the accused of the nature of the accusation made so that preparations for mounting a defense can be made. Additionally, the information provides a basis for a double jeopardy defense in the event of a subsequent prosecution.

*Tripp v. State,* 729 N.E.2d 1061, 1064 (Ind. Ct.App.2000) (internal citations omitted), *abrogated by Fajardo v. State,* 859 N.E.2d 1201 (Ind.2007).[1]

Amendments to the charging instrument are governed by Indiana code section 35–34–1–5 (2004), which broadly distinguishes between amendments of "immaterial defect" or "form" and amendments of "substance." *Haak v. State,* 695 N.E.2d 944, 951 (Ind.1998). This statute provides in pertinent part:

Sec. 5 (a) An indictment or information which charges the commission of an offense may not be dismissed but may be amended on motion by the prosecuting attorney at any time because of any immaterial defect, including:

* * *

(9) any other defect which does not prejudice the substantial rights of the defendant.

(b) The indictment or information may be amended in matters of substance or form ... upon giving written notice to the defendant, at any time up to: (1) thirty (30) days [before the omnibus date] if the defendant is charged with a felony; ...

* * *

(c) Upon motion of the prosecuting attorney, the court may, at any time before, during, or after the trial, permit an amendment to the indictment or information in respect to any defect, imperfection, or omission in form which does not prejudice the substantial rights of the defendant.

Ind.Code § 35–34–1–5.

▪ While Indiana criminal procedure has long distinguished between amendments to matters of substance and those to matters of form, the application of this distinction has varied considerably over the years. However, our supreme court's recent opinion in *Fajardo v. State,* 859 N.E.2d 1201 (Ind.2007) explained:

Several cases have permitted amendments related to matters of substance simply on grounds that the changes did not prejudice the substantial rights of the defendant, without regard to whether or not the amendments were untimely. Several other cases likewise have not focused upon whether the challenged amendment was one of form or substance, but have employed components

---

1. While *Fajardo* abrogates *Tripp* and *Sides v. State,* 693 N.E.2d 1310 (Ind.1998), among many other cases, based upon its ultimate conclusion that a substantive amendment to the charging information made beyond the statutorily proscribed deadline set forth in

Indiana Code section 35–34–1–5 is not permissible, even when the substantive rights of the defendant have not been prejudiced, we find the passages from *Tripp* and *Sides* cited herein both helpful to our analysis and accurate statements of the law.

of the substance/form test (whether defense equally available and evidence equally applicable, and whether amendment not essential to making a valid charge) to assess whether the defendant's substantial rights were prejudiced, which is not a controlling factor for permitting substantive amendments. *The methodology employed in the cases identified in this paragraph does not comply with Indiana Code § 35–34–1–5.*

Subsection 5(b) presently prohibits any amendment as to matters of substance unless made thirty days before the omnibus date for felonies and fifteen days before the omnibus date for misdemeanors. The statutory prerequisite requiring that an amendment not prejudice the substantial rights of the defendant applies *only* to amendments of certain immaterial defects under subsection 5(a)(9), and to amendments related to a defect, imperfection, or omission in form as provided in subsection 5(c). But as to an amendment relating to matters of substance, the statute is clear: the only prerequisite is that it must be filed the specified number of days before the omnibus date, pursuant to subsection 5(b). *Therefore, the first step in evaluating the permissibility of amending an indictment or information is to determine whether the amendment is addressed to a matter of substance or one of form or immaterial defect.* As noted above, an amendment is one of form, not substance, if both (a) a defense under the original information would be equally available after the amendment, and [b] the accused's evidence would apply equally to the information in either form. And an amendment is one of substance only it if is essential to making a valid charge of the crime.

*Id.* at 1206–07 (internal citations and footnotes omitted) (emphasis added). Thus, in determining whether the trial court properly allowed the State to amend its charging information, we must first determine whether the amendment is addressed to a matter of substance, or, alternatively, one of form or immaterial defect.

The State's initial charging information charged Jones with Class D felony possession of cocaine pursuant to Indiana Code section 35–48–4–6(a). Appellant's App. p. 22. The State's amended information, which charged Jones with Class D felony possession of a narcotic drug and specified the substance as heroin, was also made pursuant to Indiana Code section 34–48–4–6(a), and reads as follows:

**35–48–4–6  Possession of cocaine or narcotic drug**

Sec. 6. (a) A person who, without a valid prescription or order of a practitioner acting in the course of the practitioner's professional practice, knowingly or intentionally possesses cocaine (pure or adulterated) or a narcotic drug (pure or adulterated) classified in schedule I or II, commits possession of cocaine or narcotic drug, a Class D felony, except as provided in subsection (b).

Applying the rule for distinguishing between amendments to matters of form and those of substance, we conclude that the amendment does not constitute an amendment to matters of substance, but was instead an amendment as to matters of form. The initial information was captioned "POSSESSION OF COCAINE CLASS D FELONY I.C. 35–48–4–6" and read, in pertinent part, "On or about 7–7–04, in Marion County, State of Indiana, the following named defendant, Thomas Jones, did knowingly possess a controlled substance, that is: COCAINE; 0.5182gms...." Appellant's App. p. 22. The amended information was made pursuant to the same statute and subsection, namely, Indiana Code section 35–48–4–

6(a), and contained the following caption and language: "POSSESSION OF NARCOTIC DRUG CLASS D FELONY I.C. 35–48–4–6[,] On or about 7-7-04, in Marion County, State of Indiana, the following named defendant Thomas Jones, did knowingly possess a controlled Substance, that is: Heroin." *Id.* at 37. Thus, the class of the offense, a Class D felony, the essential elements of the crime, that on July 7, 2004, Jones did knowingly possess a controlled substance, and the specific statutory provision alleged to have been violated all remained the same. Likewise, the date, the location of the offense, and the specific conduct alleged did not change. Moreover, the State's amendment did not cause Jones to lose any potential defenses or affect the application of his evidence to the crimes charged; nor was it essential to the making of the crime, in that Indiana Code section 35–48–4–6(a) was written in the disjunctive requiring possession of cocaine *or* narcotic drug.

■ Because we conclude that the State's amendment was made to correct a defect in form, not substance, we must next determine whether allowing such amendment prejudiced Jones's substantial rights. *Fajardo*, 859 N.E.2d at 1207; *see also* Indiana Code section 35–34–1–5(c) (2004). As an initial matter, however, we pause to acknowledge that the State had notice on July 13, 2004, the seized evidence was heroin and not cocaine; thus, we agree with the trial court's statement at sentencing that the State's "[m]otion to [a]mend should have been filed long before this." Tr. p. 24. Notwithstanding the State's unexplained tardiness, we conclude that Jones's substantial rights were not prejudiced by the State's amendment.

■ As stated previously, Indiana Code section 35–34–1–5(c) provides that the trial court, at any time before, during, or after the trial, may "permit an amendment to the indictment or information in respect to any defect, imperfection, or omission in form which does not prejudice the substantial rights of the defendant." *Id.* These substantial rights include a right to sufficient notice and an opportunity to be heard regarding the charge; and, if the amendment does not affect any particular defense or change the positions of either of the parties, it does not violate these rights. *Sides v. State*, 693 N.E.2d 1310, 1312–13 (Ind.1998), *abrogated by Fajardo*, 859 N.E.2d 1201.

Jones has failed to demonstrate prejudice to his substantial rights resulting from the lateness of the State's amendment. Had the State amended the information within the prescribed time limits, Jones still would have been faced with the same situation, namely, one Class D felony charge, pursuant to Indiana Code section 35–48–4–6(a), for possession of a controlled substance. *Cf. Fajardo*, 859 N.E.2d at 1207–08 (concluding that the amended information constituted an amendment as to matters of substance where amended information included a new and separate offense from the original charge and where the defendant's evidence addressed to disputing the occurrence of the original charge would not be equally applicable to dispute the date and specific conduct alleged in the separate additional charge). Moreover, we observe that the evidence that Jones would have anticipated upon the original charge of possession of cocaine would necessarily have included the evidence relevant to dispute the date and specific conduct alleged in the amended information, the only difference being the confiscated substance was heroin instead of cocaine. However, on July 23, 2004, the trial court entered an order directing the parties to comply with its rules of automatic discovery; so, presumably, Jones was made aware of the second laboratory re-

port identifying the confiscated substance as heroin, not cocaine. *See* Appellant's App. p. 5.

█ As our supreme court observed in *Sides*, 693 N.E.2d at 1313, "[u]ltimately, the question is whether the defendant had a reasonable opportunity to prepare for and defend against the charges." On the facts and circumstances before us, we conclude that Jones did have a reasonable opportunity to prepare for and defend against the charge against him. Accordingly, we hold that the trial court did not err when it allowed the state to amend the information.

Affirmed.

NAJAM, J., and MAY, J., concur.